IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In re: WATTS COORDINATED PRETRIAL PROCEEDINGS | Master Docket Case No. 19 CV 1717<br><br>Judge Andrea R. Wood<br><br>Magistrate Judge Sheila M. Finnegan |

**This document relates to all cases.**

## CASE MANAGEMENT ORDER 2

### (Preliminary Discovery Plan and Procedures)

This Preliminary Discovery Plan and Procedures is intended to conserve judicial and party resources, eliminate duplicative discovery, serve the convenience of the parties and witnesses, and promote the just and efficient conduct of these coordinated cases (Coordinated Cases).[1] The following protocols and limitations in this Case Management Order No. 2 shall apply in all cases that are designated as part of these coordinated proceedings unless otherwise ordered by the Court:

**Discovery Plan, Schedule, and Coordination, including Depositions**

1. Fact discovery in all matters pending as of the date of this Case Management Order No. 2 shall conclude on June 9, 2020.

---

[1] On July 12, 2018, the Executive Committee for the U.S. District Court, Northern District of Illinois, ordered that pretrial proceedings in 7 pending lawsuits and any additional cases that may be filed with similar claims and the same defendants shall be coordinated and presided over by a single district judge as provided for by IOP 13(e) and a single designated magistrate judge. *See Dkt.* 1. The list of the individual coordinated cases (continually updated) may be found in the docket for Master Docket Case No. 19 CV 1717.

2. Written discovery and depositions may begin immediately in all cases where such discovery has not yet begun, and it shall continue in any cases where discovery has begun.

3. The presumptive limits for discovery found in Federal Rule of Civil Procedure 30 shall not apply to these coordinated proceedings.

4. At a later date, the Court will set additional deadlines, including deadlines for expert discovery and deadlines for fact discovery in cases that are filed after this Order is entered.

**Written Discovery**

5. Responses to interrogatories served in one case may be used in other cases that are also part of these coordinated proceedings.

6. In any currently pending case where the parties have not exchanged Rule 26(a)(1) disclosures or made disclosures pursuant to the Mandatory Initial Discovery Program, the parties shall exchange Rule 26(a)(1) disclosures by January 21, 2019.

7. The parties in any future cases shall exchange Rule 26(a)(1) disclosures within forty-five days of filing their complaints. For any newly identified defendant(s), the parties shall meet and confer to determine that defendant's disclosure obligations.

**Depositions**

8. To the extent practicable, depositions shall be cross-noticed for multiple cases that are designated as part of these coordinated proceedings. The presumption will be that each Plaintiff, Defendant and third-party will be deposed only once for all cases that are pending when the deposition is taken, and the parties will work cooperatively to set reasonable time limitations in advance of the depositions, recognizing that seven (7) hours may not be a sufficient amount of time to depose certain parties and potentially third-party witnesses.

9. Seven business days prior to a Defendant's deposition that is scheduled for more than one day, Plaintiffs will make reasonable efforts to disclose to defense counsel the lawsuits for which the Defendant will be examined on for each particular deposition date. Likewise, to the extent that Plaintiffs intend to ask questions about individuals who have not filed their own lawsuits, Plaintiffs will make reasonable efforts to identify those individuals seven business days prior to the deposition day. Plaintiffs will not be precluded from asking follow-up questions or pursuing other lines of questioning that arise during the depositions. If warranted, the deponent will be permitted the opportunity to review applicable reports before answering such questions.

10. In recognition of the fact that additional cases will be filed in the future and will include some of the same Defendants as those in the currently pending cases, the parties to these coordinated proceedings will be permitted to use all depositions taken in the coordinated proceedings, including parties in cases that are filed after a given deposition is taken.

11. Future plaintiffs who file cases after any particular Defendant is deposed will be permitted to re-depose that Defendant on topics that are not duplicative of the earlier deposition(s). The parties will work cooperatively to ensure that these depositions occur in efficient intervals so that they can cover multiple Plaintiffs' cases in one deposition setting.

12. The parties have reserved each Tuesday and Thursday, at a minimum, and they have agreed to make reasonable efforts to use one additional day each week for depositions, from February 19, 2019 through August 1, 2019, with the exception of June 8, 2019, and June 21, 2019 through July 5, 2019. The parties anticipate that approximately half of the deposition dates will be used for depositions noticed by Plaintiffs and half will be used for depositions noticed by Defendants. The parties will confer at least once per month to schedule additional depositions,

and they agree to make at least two to three days available each week for depositions in these cases.

13. The parties will attempt to negotiate an agreed-upon rate with one court reporting company to handle all of the depositions.

**Documents**

14. Plaintiffs have produced approximately 36,000 pages of documents in the *Baker* case (16 CV 8940) and Defendants have produced approximately 32,000 pages of documents in that case. The parties have produced approximately 1,000 pages in other pending cases. Any documents produced in pending cases may be used by any party in the coordinated cases (subject to and without waiving any objections to the admissibility of any such documents).

15. The parties will meet and confer to address the parameters for production of electronically stored information, including the potential use of search terms.

16. Going forward, documents will be marked and produced to indicate that they are being produced as part of the coordinated discovery proceeding, and all such documents will be made available to all parties. Before producing additional documents, Plaintiffs shall decide on a new prefix for a bates stamp that will indicate the documents are being produced as part of these coordinated proceedings, and all documents that Plaintiffs produce going forward shall include that prefix. Documents produced by the Defendants shall indicate which Defendant is producing the document, and the parties will use consecutive bates numbering for production across the coordinated cases, rather than starting with a new bates range in each separate case.

**Protective Orders and HIPAA Orders**

17. The Confidentiality Order and the Stipulated Non-Waiver Order Pursuant to Federal Rule of Evidence 502 entered on March 12, 2019 shall apply to all cases that are designated as part of these coordinated proceedings unless otherwise ordered by the Court.

18. The parties shall maintain the confidentiality of documents subject to the provisions of HIPAA until a HIPAA order is entered in the case or cases for which the HIPAA-protected information is relevant.

19. Any future parties in these coordinated proceedings may be provided with all Documents produced so long as they agree to abide by the terms of the Confidentiality Order and the Stipulated Non-Waiver Order.

20. The parties will confer with the U.S. Attorney's Office in an attempt to develop an agreement as to modification of the Privacy Act Order covering the documents produced by the FBI, so that those documents can be used in all coordinated cases.

### Service of Pleadings and Other Papers By Electronic Means

21. The parties agree to service of pleadings and other papers by electronic means under Federal Rule of Civil Procedure 5(b)(2)(E).

**IT IS SO ORDERED**.

ENTERED: March 12, 2019

_____
Honorable Sheila Finnegan
United States Magistrate Judge