IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In re: WATTS COORDINATED PRETRIAL PROCEEDINGS | Master Docket Case No. 19 CV 1717<br><br>Judge Andrea R. Wood<br><br>Magistrate Judge Sheila M. Finnegan |

**This document relates to all cases.**

**STIPULATED NON-WAIVER ORDER PURSUANT TO**
**FEDERAL RULE OF EVIDENCE 502**

The Plaintiffs and Defendants in these coordinated cases (Coordinated Cases)[1] have jointly agreed to the terms of this Stipulated Non-Waiver Order Pursuant to Federal Rule of Evidence 502. The following protocols and limitations in this Stipulation shall apply to all cases that are designated as part of these coordinated proceedings unless otherwise ordered by the Court:

1. Any inadvertent disclosure of privileged or work-product protected information (together, Privileged Materials) that occurs in connection with litigation pending before this Court shall not be deemed a waiver of such privilege or work-production protection in this case or any other state or federal proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

2. If the Party producing documents (the Producing Party) discovers that it has produced Privileged Materials to the Party receiving the documents (the Receiving Party) and does

---

[1] On July 12, 2018, the Executive Committee for the U.S. District Court, Northern District of Illinois, ordered that pretrial proceedings in 7 pending lawsuits and any additional cases that may be filed with similar claims and the same defendants shall be coordinated and presided over by a single district judge as provided for by IOP 13(e) and a single designated magistrate judge. *See Dkt.* 1. The list of the individual coordinated cases (continually updated) may be found in the docket for Master Docket Case No. 19 CV 1717.

not wish to waive the privilege, the Producing Party shall promptly notify the Receiving Party, in writing, that Privileged Materials, identified by Bates number(s), have been produced, and provide the Receiving Party with a privilege log identifying the Privileged Materials with sufficient specificity to allow the Receiving Party to evaluate the Producing Party's privilege claim(s). Within ten (10) business days of receiving such written notification from the Producing Party, the Receiving Party will:

   a. return the production media containing the Privileged Materials;

   b. destroy all other electronic or paper copies of the Privileged Materials in its possession or control; and

   c. make reasonable efforts to delete the Privileged Materials from any database or other medium in the Receiving Party's possession or control in which the Privileged Materials are electronically stored.

Within five (5) business days of the destruction of all copies of the Privileged Materials in its possession or control, the Receiving Party will provide a written confirmation of such destruction to the Producing Party. Within ten (10) business days following the Producing Party's receipt of such written notification confirming the destruction of the Privileged Materials, the Producing Party will, unless otherwise stipulated by the Parties, provide the Receiving Party with a new production media containing versions of all of the Documents on the original production media, except for the Privileged Materials.

3. If the Receiving Party discovers that it has received one or more Documents from the Producing Party that, in the judgment of the Receiving Party, appear to be Privileged Materials, the Receiving Party promptly will notify the Producing Party, in writing, that such Documents have been produced, and will identify the Documents by Bates number(s). If the Producing Party

notifies the Receiving Party, in writing, that the Documents are indeed Privileged Materials and that the Producing Party does not wish to waive the privilege, the Receiving Party will take the steps described in Paragraph 2, above, regarding the Privileged Materials.

Within ten (10) business days following the Producing Party's receipt of the Receiving Party's written notification confirming the destruction of the Privileged Materials, the Producing Party will, unless otherwise stipulated by the Parties, provide the Receiving Party with: (i) a new production media containing versions of all of the Documents on the original production media, except for the Privileged Materials; and (ii) a privilege log identifying the Privileged Materials.

4. The time periods discussed in paragraphs (a) and (b), above, may be extended by agreement of the Parties or by Court Order.

5. The Receiving Party and its agents shall not use, copy, transfer, or distribute any information acquired from Privileged Materials. If the Receiving Party believes that a Document claimed as privileged is not, in fact, Privileged Material and wishes to use or disclose the Document, prior to taking any such action, the Receiving Party will so notify the Producing Party, in writing, setting forth the reasons why the Receiving Party does not consider the Document to be privileged, and requesting the Producing Party's consent prior to using or disclosing the Document. The Producing Party promptly will, in writing, either consent to the Receiving Party's use or disclosure of the Document, or advise the Receiving Party that it disagrees with the Receiving Party (setting forth the reasons for this disagreement) and does not consent to the Receiving Party's use or disclosure of the Privileged Material.

If the Producing Party does not consent to the Receiving Party's use or disclosure of the Privileged Material, the Receiving Party, in its sole discretion, may promptly take the necessary steps to permit the Court to conduct in camera review to entertain arguments from the Parties and

to decide whether the document is protected from disclosure by the asserted privilege(s). The Receiving Party may not challenge the assertion of privilege by arguing that the production of the material at issue constituted a waiver of privilege. In these limited circumstances, the Receiving Party may segregate and retain the Privileged Material, solely for seeking Court determination.

The Privileged Material will remain segregated and sealed unless and until the Court authorizes the Privileged Material's use or disclosure.

6. Any Privileged Material inadvertently disclosed by the Producing Party to the Requesting Party shall be and remain the property of the Producing Party.

**IT IS SO ORDERED**.

ENTERED: March 12, 2019

_____
Honorable Sheila Finnegan
United States Magistrate Judge