# EXHIBIT 4

*United States v. Watts, et al.*, Case No. 1:12-cr-00087
Watts' Sentencing Memorandum

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| | ) | | |
| Vs- | ) | NO. | 12 CR 00087 |
| | ) | | |
| RONALD WATTS, | ) | | Honorable |
| | ) | | Sharon Johnson Coleman |
| | ) | | Judge Presiding |

SENTENCING MEMORANDUM

NOW COMES the Defendant, Ronald Watts, by and through his attorney, The Law Offices of Thomas Glasgow, LTD., and respectfully submits this memorandum in order to provide information and assist this Honorable Court in fashioning an appropriate sentence pursuant to 18 U.S.C., Section 3553.

A. GUIDELINE CALCULATIONS AND OBJECTION TO PRESENTENCE INVESTIGATION REPORT.

(1) Defendant Ronald Watts was charged by information with a single count of theft of government funds in violation of Title 18, U.S.C., section 641. Defendant pled guilty to the information on July 19, 2013 with sentencing set for October 9, 2013.

(2) On August 2, 2013, the government filed its memorandum wherein the total offense level for Mr. Watts was calculated to be 16, with an anticipated sentencing guideline range of 21 to 27 months imprisonment. *See* Government Memo, p. 7.

(3) On September 3, 2013 the probation department filed its presentence investigation report wherein the offense level was calculated to be 14. With a recommended two-point reduction for his acceptance of responsibility, the total recommended offense level was reduced to 12 with an

anticipated sentencing guideline range of 10 to 16 months imprisonment. *See* PSIR, p. 18, para. 92. Other than the objection to the firearm enhancement noted below, Mr. Watts has no objection to the guideline calculation as determined in the Presentence Investigation Report.

(4) Mr. Watts is entitled to the two-point reduction in his sentence level for his acceptance of responsibility as recommended in the probation department's Presentence Investigation Report. *See* PSIR, p. 8, para. 31. Mr. Watts plead guilty before this Court to the single count contained in the indictment on July 19, 2013, and in doing so acknowledged and accepted his responsibility for the charged offense. Pursuant to Section 3E1.1 of the Federal Sentencing Guidelines, Mr. Watts is entitled to the two-point reduction and that reduction should given in this case.

(5) The government in its sentencing memorandum included a two-level increase in defendant's offense level because the government concluded that Mr. Watt's offense of conviction and relevant conduct involved a theft from the person of another. *See* Government Memo, p. 7, para 4. Mr. Watts concurs with the conclusion stated in the Presentence Investigation Report that such an increase is "meant to apply situations in which a defendant commits a theft from another person against that person's will." *See* PSIR, p. 7, para. 23. The background note to the theft guideline states that, "theft from the person of another, such as pick pocketing or non-forcible purse snatching receives an enhanced sentence because of the increased risk of physical injury." Sentencing Guidelines, section 2B1.1, comment (backg'd), *Cited in* United States v. White, 903 F.2d 457, 468 (7th Cir. 1990). As noted in the Presentence Investigation Report—and even in the government's version of the offense—in this case and the relevant conduct, the "taking" was both discussed and agreed upon by both Mr. Watts and Hopkins prior to it ever occurring. *See* PSIR p. 7, para. 23. The rationale for the enhancement is not present in this case. As such, the two-level enhancement recommended by the government is not applicable here.

(6) Mr. Watts does respectfully object to the two-level enhancement for the possession of a firearm during the commission of the offense as was recommended by both the Presentence Investigation Report and the Government's Version of the Offense. *See* PISR p. 8, para. 24, and Government Memo, p. 7, para. 5. Although Co-defendant Mohamed may have stated Mr. Watt's was armed with a handgun, there is no other evidence indicating that this was the case. Notwithstanding that, the sentencing guidelines call for the two-level enhancement when one is in "possession of a dangerous weapon (including a firearm) in connection with the offense." See USSG, Section 2B1.1(b)(14)(B). Even if one concludes Mr. Watts possessed a firearm, something a police officer is called to do at all times, there is absolutely no evidence such a firearm was ever displayed, mentioned, or in any way possessed "in connection with the offense." Any weapon would have been merely incidental either when Mr. Watt's spoke with Hopkins over the phone, or when he met with him for mere seconds at the conclusion of the exchange. Its presence would not have played any role whatsoever in furthering these agree-upon, pre-determined transactions. As such, the two-level enhancement should not be factored into Mr. Watts' sentencing calculation.

B. SENTENCING ISSUES

(1) United States v. Booker restored the district courts' ability to fashion a sentence tailored to the individual circumstances of the case and the defendant by requiring courts to consider factors other than the sentencing range prescribed by the United States Sentencing Guidelines. *See* United States v. Booker, 534 U.S.220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). In fact, under Section 3553(a) courts are required to impose a sentence below the guideline range if such a sentence would be sufficient to achieve the purposes of punishment. Since Booker, the sentencing guideline range is no longer binding on the court. Rather, it is only one of a number of factors to be considered in

determining an appropriate sentence. Booker, 534 U.S. at 260, 125 S.Ct. at 764, 160 L.Ed.2d at __. More important is that the courts are instructed to impose the minimally-sufficient sentence to achieve the statutory purpose of punishment. "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in" 18 U.S.C. 3553(a)(2). 18 U.S.C. 3553(a). This provision is not simply a factor. It is a cap above which any court is statutorily prohibited from sentencing, even when a greater sentence is recommended by the guidelines. U.S. v. Denardi, 892 F.2d 269 at 276 (3rd Cir. 1989).

In deriving a sentence within that cap, courts are instructed to consider among other things, not only the nature and circumstances of the offense, but also the history and characteristics of the defendant. *See* 18 U.S.C., section 3553(a)(1). The personal history and characteristics of Mr. Watts warrant special consideration by this Court in this case. As such, Mr. Watts respectfully requests that this Court consider the following factors:

(A) Mr. Watt's career with, and Honorable Discharge from, the United State's Army.

From 1983, through 1986, Mr. Watts was on active duty with the United State's Army. During that time, he was stationed at Fort Dix, New Jersey, Fort Carson, Colorado, and Flak-Kaserne Ludwigsburg military barracks near Stuttgart, Germany as a motor vehicle operator and unit policeman. From 1986 to 1993, Mr. Watts served on reserve status and was honorably discharged on September 21, 1993. Mr. Watts achieved the rank of Specialist/E4. He was awarded the Army Achievement Medal for exceptional service in 1985 and a Certificate of Achievement for his performance in 1991. (See Group Exhibit A attached) Mr. Watts' decade-long commitment to the service of his country in the United States Army represents a significant mitigating factor for this Court to consider in fashioning a sentence in this case. *See* U.S. v. Canova, 412 F.3d 331 (2nd Cir. 2005), U.S. v. Howe, 543 F.3d 128 (3rd Cir. 2008).

(B) <u>Mr. Watt's twenty-year career with the Chicago Police Department.</u>

Notwithstanding, and with full acknowledgment of, the nature and seriousness of the offense for which Mr. Watts pled guilty, it is also important to recognize the numerous commendations and recognitions Mr. Watts has received during his twenty years of service to the Chicago Police Department. Mr. Watts has been awarded the Chicago Police Department's Department Commendation Award on three separate occasions. He has been recognized with the department's Lifesaving Award for his successful effort in saving the life of another. He has been awarded 119 department "Honorable Mentions" in recognition of specific instances of conduct in fighting crime in the city of Chicago, along with a Chicago Police Department Honorable Mention Ribbon Award in recognition of those numerous actions. He received The Arnold Mireles Special Partnership Award for his service with the Chicago Police Department's CAPS program. He was honored as the Chicago Police Department's "Officer of the Month" in June, 2004, and was given the Chicago Police Department Attendance Recognition Award for his service for the years of 2007 through 2009. These and other awards have been included with this sentencing memorandum. (See Group Exhibit B attached)

None of these achievements are presented here to minimize the seriousness of the offense for which Mr. Watts has pled guilty. However, as this Court is undoubtedly aware, at any sentencing, the offense committed does not, by itself, tell the whole story of who a defendant is or how he has conducted himself during the course of his life. Mr. Watts has on numerous occasions, provided great service and benefit to both the Chicago Police Department and the citizens of this city. Those occasions stand in stark contrast to the offense for which he is before this Court. However, those occasions also characterize an individual whose service to the city of Chicago has protected and benefited countless citizens.

(C) <u>Character Letters from Mr. Watts' Family and Others.</u>

Mr. Watts has raised three children, all of whom have provided letters attesting to the positive influence he has had on their lives as well as the lives of others. It is important to note that all of his children have embarked upon careers involving service to others. His son is presently serving in the United States Marine Corps. His two daughters are an attorney and a certified nursing assistant respectively. From their own words, this Court can see that their choices of careers and the successes they have enjoyed stem in no small part from the support Mr. Watts has provided and the influence he has had on their lives. The letters of his children, along with the others attached, reflect the character of a person who has had a positive impact on the lives of many around him.

(D) <u>A lengthy sentence of incarceration does not comport with the purposes to be served by the sentencing guidelines.</u>

In a recent announcement outlining suggested reforms for the criminal justice system, Attorney General Eric Holder called for the increased use of alternatives to incarceration for lower-level, nonviolent drug offenders. *See* "Smart on Crime; Reforming the Criminal Justice System for the 21st Century." Mr. Holder's statements reflect a recognition that extended periods of incarceration are not always the most effective or efficient solutions to reducing crime. Mr. Watts' case is just such an example. At 50 years of age, Mr. Watts has no history of criminal convictions. *See* PSIR, p. 8, para 33 & 34. He does, however, have a history of hypertension. *See*. PSIR, p. 12, para, 69. His conviction for this offense will likely forever bar him from work in any type of law enforcement or security capacity. It is also expected to result in the loss of his Chicago Police Department pension. <u>Any</u> prison sentence that accompanies the stigma of a criminal conviction here will provide the kind of "just punishment" as called for in 18 U.S.C., section 3553 (a)(2)(A). Additionally, because Mr. Watts will never again enjoy the type of position of authority he enjoyed

6

in law enforcement due to his conviction, even a short sentence of incarceration will serve to "afford adequate deterrence" against similar conduct in the future, and therefore also serve to "protect the public from further crimes of the defendant" as referenced in 3553 (a)(2) (B) and (C).

    C. RECOMMENDATION

For all of the reasons and factors presented above, Mr. Watts respectfully requests that this Honorable Court sentence him to a period of incarceration that represents a downward deviation from the sentencing range indicated in the probation department's presentence investigation report. Such a sentence takes into account not only the personal history and characteristics of Mr. Watts, but it also would suffice to both protect the public and provide "just punishment" for this offense. If this Court concludes that such a downward deviation from the sentencing guidelines is not appropriate, than Mr. Watts respectfully requests a sentence of ten months incarceration as represented though the guideline calculation in the Presentence Investigation Report.

Respectfully Submitted,
s/Thomas Glasgow

The Law Offices of Thomas Glasgow, LTD
1834 Walden Office Square Suite 500
Schaumburg, Illinois 60173
Telephone: (847) 654-0650
Attorney No: 6220641