# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

|  |  |  |
|---|---|---|
|  | ) | Master Docket Case No. 19-cv-01717 |
|  | ) |  |
| In re: WATTS COORDINATED | ) | Judge Andrea R. Wood |
| PRETRIAL PROCEEDINGS | ) |  |
|  | ) | Magistrate Judge Sheila M. Finnegan |
|  | ) |  |

**This document relates to all cases.**

### DEFENDANT OFFICERS' REPLY TO THE UNITED STATES' RESPONSE TO PLAINTIFFS' MOTION FOR DISCLOSURE OF GRAND JURY TRANSCRIPTS AND OTHER FEDERAL INVESTIGATIVE MATERIALS

Defendants Rebecca Bogard, Brian Bolton, Miguel Cabrales, Darryl Edwards, Robert Gonzalez, Alvin Jones, Frankie Lane, Manuel Leano, Lamonica Lewis, Katherine Moses-Hughes, Douglas Nichols, Calvin Ridgell, John Rodriguez, Elsworth Smith, David Soltis, Gerome Summers, Noble Williams, and Kenneth Young (collectively, "Defendant Officers"), by and through their attorneys, hereby respond to the United States' Response to Plaintiffs' Motion for Disclosure of Grand Jury Transcripts and Other Federal Investigative Materials as follows:

### INTRODUCTION

Plaintiffs seek disclosure from the federal government of grand jury testimony and Title III wiretap materials as part of the government's eight-year investigation into Defendants Watts and Mohammed. (Pl.s' Mtn., Dkt #46, p. 2-3) As Plaintiffs acknowledge in their Motion, the Defendant Officers also sought discovery into this investigation, issuing subpoenas to the DEA, ATF, FBI, and United States Attorney's Office in February 2019 (to date, only the ATF has complied with the subpoena). (Pl.s' Mtn., Dkt. #46, p. 6 and Exhibit D attached thereto) Those subpoenas sought (among other things), exculpatory evidence concerning the Defendant Officers developed during the investigation. (Def.s' Subpoena, Dkt. #46-4) Thus, both sides seek

discovery into the federal investigation.

Following the investigation, the United States did not charge any of the Defendant Officers. The Defendant Officers believe that based upon the investigation some of the investigatory materials would likely be exculpatory of those officers.

The United States has taken the position that it does not oppose disclosure of certain grand jury materials pursuant to a protective order and following an "*ex parte* and *in camera* review by the court to consider whether disclosure or non-disclosure of particular materials is appropriate." (U.S' Resp., Dkt #60, p. 7)[1]  We write to ensure that, should such as an "*ex parte* and *in camera* review" be undertaken, the Court conduct its review with reference to discovery that relates to *all* parties, including discovery exculpatory of the Defendant Officers.

## ARGUMENT

Given Plaintiffs' allegations concerning the federal investigation, the Defendant Officers request that if the Court adopts the United States' position and conducts an *ex parte* and *in camera* review of the grand jury documents and/or the Title III recordings and materials, any exculpatory evidence related to the Defendant Officers contained in those materials be disclosed. In order to disclose grand jury testimony, the Court must find, in part, that the need for disclosure outweighs the need for continued secrecy in the grand jury proceedings. *United States v. Tingle*, 880 F.3d 850, 855 (7th Cir. 2018).

In this case, the need for continued secrecy is minimal given that the grand jury has concluded its investigation and Defendants Watts and Mohammed were charged with theft of government funds, convicted, and have completed their sentences years ago. *See Mitchell v. City of Chicago*, 2019 WL 3287844, *3 (finding need for continued secrecy minimal after grand jury

---

[1] The United States continues to object to the disclosure of the Title III wiretaps and related materials in full. (*Id*. at p. 12).

concluded investigation, charges filed, finding of guilt, and criminal defendant was deceased). Moreover, massive civil litigation is now pending before this Court, brought by individuals who now claim that Watts and Mohammed and their "team" preyed upon them, and full-fledged discovery into those claims is in progress. As Plaintiffs must acknowledge by their motion, there should be no secrets as to the claimants and their claims arising out of these alleged events, including whether or not the federal government ultimately credited them.

On the other hand, the Defendant Officers' need for this evidence is great. The allegations made against the Defendant Officers in this case are generalized in nature, and rely heavily on allegations against "teams" or groups of individuals. Fairness mandates that each individual defendant be able to discover what he or she is actually alleged to have done. And fairness also mandates that evidence that an individual *did not* engage in misconduct also see the light of day.

Defendant Officers expect the grand jury materials to be potentially exculpatory in a number of respects. First, the grand jury materials may be exculpatory by the *lack* of evidence against a particular Defendant Officer. As an example, if surveillance of conduct does not identify a Defendant Officer as a participant in the conduct, that fact may be exculpatory. It is simply not enough for Plaintiffs to say that a Defendant Officer was on Watts's "team" to prove liability. Second, to the extent that a Plaintiff or an alleged Rule 404(b) witness made an allegation of misconduct against a Defendant Officer, investigatory materials relating to that witness's credibility—or lack thereof—may be crucial. Third, if one or more Plaintiff or an alleged Rule 404(b) witness in this case were witnesses in the investigation, the specific content of those claims, the extent to which they match or conflict with the claims now being made, and any credibility problems with those claims would be highly relevant in the cases pending here.

As to the Title III materials, if the Court overrules the United States' objection and ultimately conducts a review of the materials, the potential exculpatory value of the materials to the Defendant Officers will be similar to the value of the grand jury documents. For example, the lack of references to the Defendant Officers in alleged inculpatory discussions could be exculpatory, as could a Defendant Officer's failure to make inculpatory statements. Recorded statements by Plaintiffs concerning the alleged events could also provide impeachment material, both as to their credibility and as to the substance of their allegations in these cases.

Accordingly, the Defendant Officers request that if the Court conducts an *in camera* and *ex parte* review of the grand jury and/or Title III materials, that the review take into account discovery relevant to all parties, and that exculpatory evidence related to any Defendant Officer be disclosed among all other materials to be disclosed.

Dated: November 19, 2019         /s/ Brian J. Stefanich
                                 One of the Attorneys for the Defendant Officers

Andrew M. Hale (andy@halemonico.com)
William E. Bazarek (web@halemonico.com)
Brian Stefanich (bstefanich@halemonico.com)
Anthony E. Zecchin (azecchin@halemonico.com)
Allyson L. West (awest@halemonico.com)
HALE & MONICO, LLC
53 W. Jackson Blvd., Suite 330
Chicago, IL 60604
312-870-6908

## **CERTIFICATE OF SERVICE**

      I, Brian J. Stefanich, an attorney, hereby certify that I caused a copy of the foregoing Response to the United States' Reply to Plaintiff's Motion For Disclosure of Grand Jury Transcripts and Other Investigative Materials to be served on all counsel of record on November 19, 2019.

                                                              /s/ Brian J. Stefanich