IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| In re: WATTS COORDINATED PRETRIAL PROCEEDINGS | ) ) ) ) ) ) ) | Master Docket Case No. 19-cv-01717<br><br>Judge Andrea R. Wood<br><br>Magistrate Judge Sheila M. Finnegan |

THIS DOCUMENT RELATES TO ALL CASES

**AGREED REVISED PRIVACY ACT ORDER**

This matter having come before the court on an agreed motion, and the court being informed in the premises, it is hereby

ORDERED pursuant to 5 U.S.C. § 552a(b)(11) that requested documents of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), the Drug Enforcement Administration ("DEA"), or the Federal Bureau of Investigation ("FBI") may be disclosed to the litigants in this case subject to the following conditions:

(a) **General Protections**. The records, documents, information, or material subject to this Order may be used solely for purposes of the above-captioned litigation. If a party reasonably believes that a document subject to this Order must be filed with the Court, such document shall be filed under seal in the manner set forth in L.R. 26.2. Except as occurs in the course of proceedings in court at or preliminary to the trial or appeal of this case, the records, documents, information, or material designated as subject to this Order may not be disclosed to anyone other than as set forth in paragraph b, below;

(b) **Limited Third-Party Disclosures**. The parties and counsel for the parties shall not disclose or permit the disclosure of any records, documents, information, or material subject to this Order to any third person or entity except as set-forth in subparagraphs (1)-(9).

Subject to these requirements, the following categories of persons may be allowed to review such records, documents, information, or material:

**(1) Counsel.** Counsel for the parties and employees of counsel who have responsibility for the preparation and trial of the action;

**(2) Parties.** Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

**(3) The Court and its personnel**;

**(4) Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

**(5) Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

**(6) Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

**(7) Witnesses at depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as being subject to this Order pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

**(8) Author or recipient.** The author or recipient of the document (not including the person who received the document in the course of the litigation). For any audio or video disclosures, the terms author or recipient shall include any speakers recorded; and

**(9) Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(**c**) Except for those documents proffered as exhibits in this case, all documents designated as subject to this Order shall be returned to the United States Attorney's Office within 60 days of a final judgment.

E N T E R

Dated: 12/20/2019

_____

United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) | Master Docket Case No. 19-cv-01717 |
| In re: WATTS COORDINATED | ) |  |
| PRETRIAL PROCEEDINGS | ) | Judge Andrea R. Wood |
|  | ) |  |
|  | ) | Magistrate Judge Sheila M. Finnegan |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Agreed Revised Privacy Act Order entered in the above-captioned coordinated proceedings and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Agreed Revised Privacy Act Order and understands that the terms of the Order obligate him/her to use materials designated as being subject to the Order solely for the purposes of the above-captioned action, and not to disclose any such information to any other person, firm or concern.

Except for those documents proffered as exhibits in this case, all documents designated as subject to this Order shall be returned to the United States Attorney's Office within 60 days of a final judgment.

The undersigned acknowledges that violation of the Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____    _____
                                                              Signature