IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: WATTS COORDINATED PRETRIAL PROCEEDINGS | ) ) ) ) ) ) ) ) |  Master Docket Case No. 19-cv-1717<br><br>Judge Franklin U. Valderrama<br><br>Magistrate Judge Sheila M. Finnegan |

**DEFENDANTS' JOINT MOTION TO DISMISS CERTAIN CLAIMS
IN FLAXMAN PLAINTIFFS' COMPLAINTS**

Defendant, City of Chicago (the "City"), Phillip Cline and Debra Kirby ("Supervisory Officials"), and Brian Bolton, Miguel Cabrales, Darryl Edwards, Robert Gonzalez, Alvin Jones, Manuel Leano, Douglas Nichols, Jr., Calvin Ridgell Jr., Elsworth J. Smith, Jr., Kenneth Young, David Soltis, John Rodriguez, Lamonica Lewis, Rebecca Bogard, Frankie Lane, Katherine Moses-Hughes, Nobel Williams, Michael Spaargaren, Gerome Summers, Jr., Matthew Cadman, Kallatt Mohammed, and Ronald Watts ("Defendant Officers") (collectively "defendants"), through their respective undersigned counsel, jointly move to dismiss the Fourteenth Amendment claims and the federal malicious prosecution claim asserted in the complaints of plaintiffs represented by Flaxman and Flaxman. In support of this motion, defendants state:

**INTRODUCTION**

On December 1, 2020, this Court approved a procedure by which defendants in the Coordinated Pretrial Proceedings would file two representative motions to dismiss, one pertaining to the version of the complaints filed by plaintiffs represented by Loevy & Loevy, and a second pertaining to the version of the complaints filed by plaintiffs represented by Flaxman and Flaxman. (Dkt. #163). This motion addresses the Flaxman plaintiffs' version of the complaint. For ease of

reference, defendants will refer to allegations from the complaint filed in *Henderson v. City of Chicago*, Case No. 19 C 0129 (attached as Exhibit A). As contemplated by the parties' proposed procedure as adopted by the Court, with the goal of avoiding successive, duplicative pleading, this representative motion is intended to apply to all of the complaints filed by the Flaxman plaintiffs, where applicable, in lieu of filing and preparing individual motions in each of those cases.

## COMMON FACTUAL ALLEGATIONS[1]

Plaintiff maintains he is one of many victims of a criminal enterprise run by defendant Watts and his tactical team at the Ida B. Wells housing complex in the 2000s. (Complaint Dkt. #1, Exhibit A, at ¶7.) The so-called "Watts Gang of officers" allegedly engaged in robbery and extortion, used excessive force, planted evidence, fabricated evidence, and manufactured false charges. (*Id.*, ¶11.)

Plaintiff Henderson claims he was arrested four separate times for drug crimes that were trumped up by officers working under defendant Watts' supervision, specifically, June 25, 2002, August 27, 2003, March 12, 2005, and July 22, 2006. (Ex. A, ¶¶17, 28, 39, 50.) Plaintiff alleges that, at the time of each of the subject arrests, the arresting officers did not have a warrant, did not observe him commit a crime, and did not have information from any source that he had committed a crime. (*Id*., ¶¶ 18, 29, 40, 51.) Plaintiff also claims that, in each of his criminal cases, the arresting officers conspired and agreed to fabricate a false story to justify the unlawful arrest, to cover-up their wrongdoing, and to cause him to be wrongfully charged, detained and prosecuted. (*Id*., ¶¶ 19, 23, 30, 34, 41, 45, 52, 56.) To that end, plaintiff says, one or more of the arresting officers

---

[1] For purposes of this motion to dismiss only, defendants accept as true the allegations of plaintiff's Complaint. While some of the specific details may vary, the essential allegations common to the Flaxman plaintiffs are the same as they pertain to the claims addressed in the representative motion.

2

prepared false police reports and communicated the false story to prosecutors, while defendant Watts formally approved the reports knowing them to be false. (*Id*., ¶¶ 21, 32, 43, 54.) Although he claims he was innocent of these four particular drug crimes, plaintiff pleaded guilty to each of the four crimes because he thought he could lose at trial. (*Id*., ¶¶ 24-25, 35-36, 46-47, 57-58.) Thus, no officer testified at any trial. Plaintiff alleges his guilty pleas resulted in his being imprisoned. (*Id*., ¶¶14, 25, 36, 47, 58.)

Years later, after learning that other convictions were being overturned based on similar allegations, plaintiff challenged his convictions on the same grounds, and the State dismissed the charges in these four cases. (*Id.*, ¶¶61-62.) On January 7, 2019, Plaintiff Henderson filed this action, vaguely asserting that "all of the defendants caused [him] to be deprived of rights secured by the Fourth and Fourteenth Amendments," and that the City subjected him "to four malicious prosecutions under Illinois state law." (*Id*., ¶¶97-98.)

## LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When evaluating a motion to dismiss under Rule 12(b)(6), a court must accept as true all well-pleaded material facts and must draw all reasonable inferences from those facts in the light most favorable to the pleader. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). However, a court is not required to accept as true a legal conclusion couched as a factual allegation or unsupported conclusions of fact. *Twombly*, 550 U.S. at 570. Further, a plaintiff may plead himself out of court by asserting facts that undermine the claims set forth in his complaint. *Holman v. State of Indiana*, 211 F.3d 399, 406 (7th Cir. 2000).

3

**DISCUSSION**

In his Complaint, plaintiff claims he was arrested, detained, prosecuted and imprisoned four times without probable cause. (Exhibit A, ¶¶14, 17-59, 66, 76, 96.) The Complaint also contains a singular allegation implying that plaintiff was "wrongfully convicted" (*id.*, ¶61) and vaguely alleges that defendants "caused plaintiff to be deprived of rights secured by the Fourth and Fourteenth Amendments." (*Id.*, ¶97.) To the extent these allegations attempt to assert claims for "post-legal process, pre-trial detention without probable cause" under the Fourteenth Amendment, federal malicious prosecution, or fabricated evidence-based due process claims under the Fourteenth Amendment, controlling authority requires their dismissal.

**I. THERE IS NO SUCH THING AS A FOURTEENTH AMENDMENT CLAIM FOR "POST-LEGAL PROCESS, PRE-TRIAL DETENTION WITHOUT PROBABLE CAUSE" OR FOR "MALICIOUS PROSECUTION."**

Binding precedent plainly holds that any claims for pre-trial detention without probable cause arise exclusively under the Fourth Amendment. Thus, plaintiff's attempt to bring such a claim under the Fourteenth Amendment should be denied as a matter of law. Likewise, the Seventh Circuit, consistent with Supreme Court precedent, has held for decades that there is no constitutional right not to be prosecuted without probable cause. As such, plaintiff's federal malicious prosecution claims should also be dismissed as a matter of law.

**A. Under Controlling Supreme Court and Seventh Circuit Precedent, Any Claim for Pre-Trial Detention Without Probable Cause Rests Exclusively in The Fourth Amendment.**

The Supreme Court has dispositively held that, even after legal process, a pre-trial detention based on fabricated evidence may violate the Fourth Amendment, but it cannot violate the due process clause (Fourteenth Amendment). *Manuel v. City of Joliet*, 137 S. Ct. 911, 919 (2017), ("*Manuel I*") ("If the complaint is that a form of legal process resulted in pretrial detention

4

unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment."). In its analysis, the court drew a bright line between a pre-trial deprivation of liberty secured through the use of fabricated evidence and a post-trial deprivation of liberty secured through the use of fabricated evidence at trial, and explained that a pre-trial deprivation of liberty, even after legal process has commenced, could only be remedied through a Fourth Amendment claim. *Id.* at 918-19 ("[Legal process] cannot extinguish the detainee's Fourth Amendment claim [for pre-trial detention secured through fabricated probable cause]—**or somehow . . . convert that claim into one founded on the Due Process Clause**." (emphasis added)).

Since *Manuel I*, the Seventh Circuit has repeatedly held that a claim for post-legal process, pre-trial detention arises only under the Fourth amendment. For example, in *Lewis v. City of Chicago*, 914 F.3d 472, 476–78 (7th Cir. 2019), the court declared: "It's now clear that a §1983 claim for unlawful pretrial detention rests *exclusively* on the Fourth Amendment." (Emphasis original.) *Accord Mitchell v. City of Elgin*, 912 F.3d 1012, 1015 (7th Cir. 2019) ("the Fourth Amendment governs a claim for unlawful pretrial detention even beyond the start of legal process" (internal quotation marks omitted)); *Anderson v. City of Rockford*, 932 F.3d 494, 512 (7th Cir. 2019) ("Fourth Amendment, not the Due Process Clause, governs a claim for wrongful pre-trial detention"); *Regains v. City of Chicago*, 918 F.3d 529, 536 (7th Cir. 2019), *as amended on denial of reh'g* (Apr. 17, 2019) (Fourth Amendment, not Due Process Clause, is source of right in §1983 claim for unlawful pretrial detention, whether before or after initiation of formal legal process); *Levy v. Marion County Sheriff*, 940 F.3d 1002, 1008 (7th Cir. 2019) (affirming trial court's finding

5

that "the Fourth Amendment, not the Due Process Clause, governs a claim for wrongful pretrial detention.").[2]

And the Seventh Circuit reaffirmed that precedent this very year:

> Wrongful pretrial custody is what plaintiffs complain of here. If plaintiffs' custody was wrongful, it was the Fourth Amendment that made it so, whether for want of probable cause, as in *Manuel*, or for want of a neutral decision-maker, as in *Gerstein*, where the Court "decided some four decades ago that a claim challenging pretrial detention fell within the scope of the Fourth Amendment." *Manuel*, 137 S. Ct. at 917; see also *Albright v. Oliver*, 510 U.S. 266, 274, 114 S. Ct. 807, 127 L.Ed.2d 114 (1994) (plurality opinion) ("The Framers considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address it."); *id*. at 290, 114 S. Ct. 807 (Souter, J., concurring in the judgment) ("it is not surprising that rules of recovery for such harms have naturally coalesced under the Fourth Amendment").

*Williams v. Dart*, 967 F.3d 625, 632–33 (7th Cir. 2020), *reh'g denied (Aug. 21, 2020)*.[3]

Accordingly, plaintiff's attempt to bring "post-legal process, pre-trial detention without probable cause" claims under the Fourteenth Amendment fails as a matter of controlling law and any such claims embedded in his complaint must be dismissed with prejudice.

### B. *Manuel II*, like *Newsome*, Precludes Federal Malicious Prosecution Claims.

To the extent plaintiff asserts federal malicious prosecution claims under the Fourteenth Amendment in his complaint, they too should be dismissed as a matter of law. The Seventh Circuit

---

[2] *See also Knox v. Curtis*, 771 Fed. Appx. 656, 659 (7th Cir. 2019) (treating claim for pre-trial detention secured through false testimony as a "Fourth Amendment claim of wrongful pretrial detention"); *Wright v. Runyan*, 774 Fed. Appx. 311, 313 (7th Cir. 2019) (treating federal malicious prosecution claim as Fourth Amendment claim for pre-trial detention without probable cause).

[3] Also from the Seventh Circuit this year:

> We have recently clarified the contours of constitutional claims based on allegations of evidence fabrication. **A claim for** false arrest or **pretrial detention based on fabricated evidence sounds in the Fourth Amendment right to be free from seizure without probable cause**. If fabricated evidence is later used at trial to obtain a conviction, the accused may have suffered a violation of his due-process right to a fair trial.

*Patrick v. City of Chicago*, 974 F.3d 824, 834 (7th Cir. 2020) (emphasis added).

has long held the Constitution does not create a free-standing claim for malicious prosecution. *See, e.g.*, *Stone v. Wright*, 734 Fed. Appx. 989, 989-90 (7th Cir. 2018), citing *Serino v. Hensley*, 735 F.3d 588, 593 (7th Cir. 2013) ("[T]here is no such thing as a constitutional right not to be prosecuted without probable cause"). Following the Supreme Court's decision in *Manuel I,* the Seventh Circuit, on remand in that case, again addressed and again rejected the viability of a constitutional "malicious prosecution" claim. *Manuel v. City of Joliet, Illinois*, 903 F.3d 667, 669-70 (7th Cir. 2018), *cert. denied sub nom. City of Joliet, Ill. v. Manuel*, 18-1093, 2019 WL 861187 (U.S. June 28, 2019) ("*Manuel II*"). Pointing not only to *Manuel I* but also to its own deep-rooted precedent, the Seventh Circuit explained:

> After *Manuel [I]*, "Fourth Amendment malicious prosecution" is the wrong characterization. There is only a Fourth Amendment claim - the absence of probable cause that would justify the detention. 137 S. Ct. 917-20. The problem is wrongful custody. "[T]here is no such thing as a constitutional right not to be prosecuted without probable cause." *Serino v. Hensley*, 735 F.3d 588, 593 (7th Cir. 2013).

*Manuel II*, 903 F.3d at 670; *see also Anderson*, 932 F.3d at 512 (affirming summary judgment in favor of defendants on §1983 malicious prosecution claim: "[t]here is no such thing as a constitutional right not to be prosecuted without probable cause" (internal citations and quotation marks omitted)); *Newsome v. McCabe,* 256 F.3d 747, 751 (7th Cir. 2001) ("Claims of malicious prosecution should be analyzed not under the substantive due process approach . . . but under the language of the Constitution itself []. Relabeling a fourth amendment claim as 'malicious prosecution' would not extend the statute of limitations . . . and if a plaintiff can establish a

7

violation of the fourth (or any other) amendment there is nothing but confusion to be gained by calling the legal theory 'malicious prosecution.'").[4]

In short, as *Manuel I* requires, and consistent with decades of its own precedent, the Seventh Circuit has dispositively held that the "wrong" in a claim for Fourth Amendment pre-trial detention without probable cause is not the prosecution; it is the detention and the detention alone. To the extent plaintiff is attempting to bring federal malicious prosecution claims, they fail as a matter of law and any such claims must be dismissed with prejudice.

## II. PLAINTIFF'S GUILTY PLEAS DEFEAT HIS DUE PROCESS CLAIMS.[5]

Plaintiff clearly admits he pleaded guilty to the charges brought after the four arrests he challenges in his complaint, which means there were no trials, and hence no evidence (fabricated or otherwise) was admitted against him. Plaintiff's due process claims based on fabricated evidence thus should be dismissed because no fabricated evidence was admitted at trial or caused his convictions.

### A. Plaintiff Cannot Allege the Requisite Elements of a Due Process Fabrication Claim.

Plaintiff admits that he pleaded guilty in connection with each of his four arrests. (Exhibit A, ¶¶24-25, 35-36, 46-47, 57-58.) Thus, he concedes there were no trials in any of his four cases, much less the introduction of any evidence (fabricated or otherwise) against him at any trial. For that reason, he cannot state viable due process claims based on allegedly fabricated evidence.

---

[4] *See Albright*, 510 U.S. 266, 273 (rejecting an evidence fabrication due process claim after charges were dismissed: "Where a particular Amendment [the Fourth Amendment]'provides an explicit textual source of constitutional protection" against a particular sort of government behavior, "that Amendment, not the more generalized notion of substantive due process, 'must be the guide for analyzing these claims.'" (quoting *Graham v. Connor,* 490 U.S. 386, 395 (1989)).

[5] This section of the representative motion applies to those Flaxman plaintiffs who pleaded guilty.

8

In *Avery v. City of Milwaukee*, 847 F.3d 433 (7th Cir. 2017), the Seventh Circuit held that a due process claim based on fabricated evidence is viable *only* when the allegedly fabricated evidence was admitted against a plaintiff at trial and caused the plaintiff's conviction:

> A §1983 claim requires a constitutional violation, and the due-process violation wasn't complete until the [fabricated evidence] **was introduced at Avery's trial**, resulting in his conviction and imprisonment for a murder he did not commit. **After all, it was the admission of the [fabricated evidence] that made Avery's trial unfair**.

847 F.3d at 442 (internal citations omitted) (emphasis added). In so holding, the court emphasized that the allegedly fabricated evidence, defendants' police reports, were admitted at trial (*id.*) and caused Avery's conviction:

> [w]hen the detectives falsified their reports of a nonexistent confession, it was entirely foreseeable that this fabricated "evidence" would be used to convict Avery **at trial** for Griffin's murder. That was, of course, the whole point of concocting the confession.

*Id.* at 443 (emphasis added).

In short, a fabricated evidence-based due process claim can arise only if the fabricated evidence is admitted at trial and causes the plaintiff's conviction. The Seventh Circuit has restated and upheld this principle for nearly a decade: from *Whitlock v. Brueggemann*, 682 F.3d at 567, 582 (7th Cir. 2012) ("[Defendant] is correct that the alleged constitutional violation here was not complete until trial."), to *Fields v. Wharrie,* 740 F.3d 1107, 1114 (7th Cir. 2014) ("*Fields II*") ("[T]he cases we've just cited involved not merely the fabrication, but the introduction of the fabricated evidence at the criminal defendant's trial. For if the evidence hadn't been used against the defendant, he would not have been harmed by it, and without a harm there is, as we noted earlier, no tort."), to *Avery* (discussed above), to its opinion this year in *Patrick*, 974 F.3d 824, 834-5 (a plaintiff must prove that the allegedly fabricated evidence was used at trial and was

9

material to the plaintiff's conviction).[6]

In *Patrick*, the defendants argued the trial court erred by refusing to include in its instruction on the plaintiff's fabricated evidence-based due process claim the additional language that the plaintiff was required to prove the allegedly fabricated evidence was used at his criminal trial and material to his conviction. *Id.* In addressing that argument, the Seventh Circuit reiterated that to sustain a fabricated evidence-based due process claim, a plaintiff must indeed prove that the allegedly fabricated evidence was used at the plaintiff's criminal trial and was material to his/her conviction:

> We have recently clarified the contours of constitutional claims based on allegations of evidence fabrication. A claim for false arrest or pretrial detention based on fabricated evidence sounds in the Fourth Amendment right to be free from seizure without probable cause. **If fabricated evidence is later used at trial to obtain a conviction**, the accused may have suffered a violation of his due-process right to a fair trial.

*Id.* at 834 (internal citations omitted) (emphasis added)); *see also id.* at 835 ("The essence of a due-process evidence-fabrication claim is that the accused was convicted and imprisoned based on knowingly falsified evidence, *violating his right to a fair trial* and thus depriving him of liberty without due process. A conviction premised on fabricated evidence will be set aside if the evidence was material—that is, if there is a reasonable likelihood the evidence affected the judgment of *the jury*." (emphases added)).

---

[6] Trial courts in this district routinely follow this black-letter law. *See, e.g., Boyd v. City of Chicago*, 225 F. Supp. 3d 708, 725 (N.D. Ill. 2016) ("Here, nothing about the lineup procedure was introduced at plaintiff's criminal trial. Therefore, even assuming the defendant officers did fabricate their reports regarding the lineup, an evidence fabrication claim cannot be sustained because the allegedly fabricated evidence was not used at plaintiff's trial."); *Ulmer v. Avila*, 15 CV 3659, 2016 WL 3671449, at *8 (N.D. Ill. July 11, 2016) ("*Whitlock,* though, is distinguishable from the present case. The court in *Whitlock* found that the fabrication of evidence caused harm because it was introduced against the defendants at trial and 'was instrumental in their convictions.'" (quoting *Whitlock,* 682 F.3d at 582)); *Starks v. City of Waukegan*, 123 F. Supp. 3d 1036, 1048 (N.D. Ill. 2015) ("nowhere did *Fields* question the requirement that the fabricated evidence must be introduced at trial; to the contrary, it reaffirmed that requirement").

Applying these principles of law, the Seventh Circuit in *Patrick* agreed with the defendants that the instruction submitted to the jury by the trial court was "incomplete in that it failed to explain that Patrick had the burden to prove that the fabricated evidence was used against him at his criminal trial and was material." *Id.* The court also pointed out that its pattern instruction on a fabricated evidence-based due process claim (which was approved after Patrick's civil trial) provides that a plaintiff *must* prove, as elements of the claim, that the fabricated evidence was introduced at trial and was material. *Id.*; *see also* Federal Civil Jury Instructions of The Seventh Circuit §7.14 (2017).[7]

This law makes crystal clear that, in the absence of a trial, the only constitutional remedies available to plaintiff based on Defendant Officers' alleged fabrication of evidence (if proven) would be claims for post-legal process, pre-trial detention without probable cause under the Fourth Amendment, and the Fourth Amendment alone. And plaintiff, unlike the plaintiff in *Avery* (or those in *Patrick*, *Whitlock* and *Fields II*), did not go to trial. He therefore cannot (and never will be able to) allege that the purported fabricated evidence was *admitted against him at trial*, an allegation critical to stating a fabrication of evidence claim under the due process clause, dooming that claim.

Because the Complaint expressly admits plaintiff never went to trial, he has pleaded himself out of court on his Fourteenth Amendment fabricated evidence-based due process claims, and the claims should therefore be dismissed.

---

[7] Although the Seventh Circuit found the trial court erred in refusing the defendants' instruction, it also found the error to be harmless because there was no dispute that the allegedly fabricated evidence was admitted at Patrick's trial and because the defendants did not argue that the evidence was immaterial. *Patrick*, 972 F.3d at 835-6.

11

### B. Plaintiff's Convictions Were Caused by His Guilty Pleas Per Supreme Court Law.

The Seventh Circuit's requirement that the allegedly fabricated evidence be introduced at trial is consistent with—indeed, mandated by—long-standing Supreme Court precedent holding that a guilty plea breaks the causal chain between any unconstitutional acts that precede the plea and the conviction and imprisonment subsequent to the plea. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("We thus reaffirm the principle recognized in the *Brady* trilogy: a guilty plea represents a break in the chain of events which has preceded it in the criminal process.") (referring to *Brady v. United States*, 397 U.S. 742, 750 (1970), *McMann v. Richardson*, 397 U.S. 759, 770 (1970), and *Parker v. North Carolina*, 397 U.S. 790 (1970)); *see also*, *Hurlow v. United States*, 726 F.3d 958, 966 (7th Cir. 2013) ("[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.") (quoting *Tollett,* 411 U.S. at 267).

Because a guilty plea breaks the chain of events which preceded the plea, any constitutional violations that occurred prior to the plea cannot form the basis of attacking the plea. *Tollett,* 411 U.S. at 267. Instead, the plea can be constitutionally attacked only by establishing that the plea was not voluntary or knowing, *id.,* which plaintiff nowhere alleges here.

The reasoning in *Tollett*, *McMann*, *Brady,* and *Harlow* goes hand in hand with the requirement in *Patrick*, *Avery*, *Whitlock* and *Fields II* that the allegedly fabricated evidence must both be admitted at trial *and* material to a conviction in order for that tainted evidence to be deemed the cause of the injury, *i.e.*, the conviction and subsequent incarceration.

*McMann* is particularly instructive on this point. There, three defendants seeking to vacate their guilty pleas argued their pleas were induced by constitutionally tainted evidence (physically coerced confessions) and therefore their pleas were involuntary and should be vacated. *McMann,* 397 U.S. at 761-64. Specifically, the defendants claimed the tainted evidence was crucial to the

12

State's cases and, but for the existence of that evidence, they would not have pleaded guilty. *Id.* at 768. The Supreme Court rejected any notion that the pleas were involuntary, remarking:

> [a] more credible explanation for a plea of guilty by a defendant who would go to trial except for his prior confession is his prediction that the law will permit his admissions to be used against him by the trier of fact. At least the probability of the State's being permitted to use the confession as evidence is sufficient to convince him that the State's case is too strong to contest and that a plea of guilty is the most advantageous course. **Nothing in this train of events suggests that the defendant's plea, as distinguished from his confession, is an involuntary act**.

*Id.* at 769 (emphasis added).

Similarly here, plaintiff chose to plead guilty to charges stemming from the arrests, rather than take his chances at a trial, thereby ensuring shorter sentences. In choosing to plead guilty, he also chose to waive the due process rights a trial would have afforded him, and he did so four times. Having waived his right to trial, the very purpose of which is to "effectuate due process,"[8] plaintiff cannot now "blame" his guilty pleas, which caused his convictions and subsequent incarcerations, on due process violations that simply did not occur: the allegedly fabricated evidence was never admitted against him at trial. *McMann*, 397 U.S. at 769 (defendant could have chosen to go to trial and contest the State's tainted evidence, including through appellate and collateral proceedings; "[i]f he nevertheless pleads guilty the plea can hardly be blamed on the [tainted evidence]").

Because the only injury plaintiff suffered as a result of the allegedly fabricated evidence was any pre-plea detention, the only §1983 claims he can try to allege based on the use of that evidence are Fourth Amendment (and not Fourteenth Amendment) claims for post-legal process, pre-trial detention without probable cause

---

[8] *Saunders-El v. Rohde*, 778 F.3d 556, 561 (7th Cir. 2015).

13

## II. PLAINTIFF'S DERIVATIVE FAILURE TO INTERVENE, CONSPIRACY, AND *MONELL* CLAIMS MUST ALSO BE DISMISSED TO THE EXTENT BASED ON PLAINTIFF'S FOURTEENTH AMENDMENT AND FEDERAL MALICIOUS PROSECUTION CLAIMS.

Failure to intervene is a derivative claim. Absent an underlying constitutional violation, there can be no independent claim for failure to intervene. *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005). Because plaintiff's underlying Fourteenth Amendment and federal malicious prosecution claims are not actionable, his derivative failure to intervene claims must be dismissed. For the same reason, plaintiff's conspiracy claims based on these claims must also be dismissed. *See Reynolds v. Jamison,* 488 F.3d 756, 764 (7th Cir. 2007) (Section 1983 conspiracy claim depends upon the viability of the underlying constitutional claim). Likewise, plaintiff's *Monell* claims against the City should be dismissed to the extent based on Fourteenth Amendment and federal malicious prosecution claims that are not actionable. Section 1983 liability cannot attach to a municipality in the absence of an actionable constitutional violation. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (If there is no violation of the plaintiff's constitutional rights by a police officer, "it is inconceivable" the municipality could be liable pursuant to a *Monell* claim). If plaintiff cannot establish a constitutional injury, he has no claim against the municipality. *Durkin v. City of Chicago*, 341 F.3d 606, 615 (7th Cir. 2003).

## CONCLUSION

For the forgoing reasons, the Fourteenth Amendment and federal malicious prosecution claims, as well as any derivative claims, should be dismissed with prejudice because they fail to state a claim upon which relief may be granted.

Dated: December 18, 2020

By:   s/ Paul A. Michalik
Special Assistant Corporation Counsel
Attorneys for Defendants City of Chicago, Philip Cline, and Debra Kirby

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Reiter Burns, LLP
311 South Wacker, Suite 5200
Chicago, Illinois 60606
(312) 982-0090

By:   s/ Eric S. Palles
Special Assistant Corporation Counsel
Attorneys for Kallatt Mohammed
Gary Ravitz
Eric S. Palles
Sean M. Sullivan
Kathryn M. Doi
Daley Mohan Groble P.C.
55 West Monroe, Suite 1600
Chicago, IL 60603
(312) 422-9999

By: /s/ Megan McGrath
Special Assistant Corporation Counsel
One of the Attorneys for Defendants Michael Spaargaren and Matthew Cadman

James V. Daffada
Thomas M. Leinenweber
Michael J. Schalka
Megan McGrath
Leinenweber Baroni & Daffada LLC
120 North LaSalle Street
Suite 2000
Chicago, Illinois 60602
(312) 663-3003

Respectfully submitted,

By:   s/ Amy A. Hijjawi
Special Assistant Corporation Counsel
Attorneys for All Defendant Officers Other Than Defendants Watts, Mohammed Spaargaren and Cadman

Andrew M. Hale
Amy A. Hijjawi
William E. Bazarek
Brian Stefanich
Hale Law LLC
53 W. Jackson Blvd., Suite 330
Chicago, IL 60604
(312) 341-9646

By:   s/ Brian P. Gainer
Special Assistant Corporation Counsel
Attorneys for Defendant Ronald Watts
Brian P. Gainer
Monica Gutowski
Ahmed A. Kosoko
Johnson & Bell
33 W. Monroe St., Suite 2700
Chicago, IL 60603
(312) 372-0770

15

## **CERTIFICATE OF SERVICE**

I, Amy A. Hijjawi, an attorney, hereby certify that, on the date stamped on the margin above, I served a copy of this pleading on all counsel of record via the ECF System.

/s/ Amy A. Hijjawi