# Exhibit A

1               **TRANSCRIPTION OF DIGITAL RECORDING**

2

3                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF ILLINOIS
4                              EASTERN DIVISION

5                                         ) Master Docket
                                          ) Case No. 19-cv-01717
6    IN RE:                               )
                                          ) STATUS CONFERENCE
7    WATTS COORDINATED PRETRIAL           ) (held telephonically)
     PROCEEDINGS                          )
8                                         ) Chicago, Illinois
                                          ) Date:  August 10, 2022
9                                         ) Time:  9:51 a.m.

10
           AUDIO TRANSCRIPTION OF RECORDED STATUS CONFERENCE
11                   HELD VIA TELECONFERENCE BEFORE
           THE HONORABLE MAGISTRATE JUDGE SHEILA FINNEGAN
12                   UNITED STATES MAGISTRATE JUDGE

13
                          A P P E A R A N C E S
14

15   For Certain          Scott Rauscher, Esq.
     Plaintiffs:          Joshua Tepfer, Esq.
16                        Loevy & Loevy
                          311 N. Aberdeen Street, 3rd Floor
17                        Chicago, Illinois  60607
                          312-243-5900
18                        (appeared telephonically)

19
     For Flaxman          Joel A. Flaxman, Esq.
20   Plaintiffs:          Kenneth N. Flaxman, PC
                          200 South Michigan Avenue, Suite 201
21                        Chicago, Illinois  60604
                          312-427-3200
22                        (appeared telephonically)

23   (Appearances continued on the next page.)

24

25   Transcriber:         Annette M. Montalvo
                          Official Court Reporter

```
 1   APPEARANCES:   (Cont'd)

 2

 3   For the Individual      Allyson West, Esq.
     Defendant Officers:     Hale & Monico, LLC
 4                           53 West Jackson Boulevard, Suite 337
                             Chicago, Illinois   60604
 5                           312-870-6933
                             (appeared telephonically)
 6

 7   For Defendant           Eric Palles, Esq.
     Kallatt Mohammed:       Ravitz & Palles, PC
 8                           203 North LaSalle Street, Suite 2100
                             Chicago, Illinois   60601
 9                           312-558-1689
                             (appeared telephonically)
10

11   For Defendant           Ahmed A. Kosoko, Esq.
     Ronald Watts:           Johnson & Bell, Ltd.
12                           33 West Monroe Street, Suite 2700
                             Chicago, Illinois   60603
13                           312-372-0770
                             (appeared telephonically)
14

15   For City of Chicago     Paul A. Michalik, Esq.
     Defendants:             Daniel Noland, Esq.
16                           Reiter Burns LLP
                             311 South Wacker Drive, Suite 5200
17                           Chicago, Illinois   60606
                             312-982-0900
18                           (appeared telephonically)

19

20

21   Proceedings recorded by Liberty digital-recording system;
     transcript produced by audio transcription.
22   ─────────────────────────────────────────────────────────
     Transcriber:            Annette M. Montalvo, CSR, RDR, CRR
23                           Official Court Reporter
                             United States Courthouse, Room 1902
24                           219 South Dearborn Street
                             Chicago, Illinois   60604
25                           312-818-6683
```

```
1      (Proceedings commenced at 9:51 a.m., in open court, via
2   teleconference, transcribed from a Liberty audio recording, to
3   wit:)
4              THE COURTROOM DEPUTY:  Calling Case No. 19-CV-1717,
5   In Re: Watts Coordinated Pretrial Proceedings, for status.
6              THE COURT:  Good morning.  This is Judge Finnegan.
7              Could counsel for the plaintiffs please say your name
8   or names.
9              MR. RAUSCHER:  Good morning, Judge.  Scott Rauscher
10  from Loevy & Loevy, and I'll note that Josh Tepfer from my
11  firm has also joined the call.
12             THE COURT:  Good morning.
13             MR. FLAXMAN:  Good morning.  This is Joel Flaxman for
14  the Flaxman plaintiffs.
15             THE COURT:  Thank you.
16             All right.  And then counsel for the defendants, City
17  of Chicago, and, I guess, Officers Cline, Rowan, Kirby, Bosak,
18  Starks, and Hillard.
19             MR. MICHALIK:  Yes, Your Honor.  Paul Michalik on
20  behalf of those defendants, and I believe Dan Noland is also
21  on the call.
22             MR. NOLAND:  That's correct, Your Honor.  Good
23  morning.
24             THE COURT:  Good morning.
25             All right.  And counsel for defendant Watts.
```

1   MR. KOSOKO: Good morning, Your Honor. Ahmed Kosoko
2   on behalf of Ronald Watts.
3   THE COURT: Counsel for defendant Mohammed.
4   MR. PALLES: Good morning, Your Honor. Eric Palles
5   (inaudible) for Mohammed.
6   THE COURT: And counsel for -- I think no one is on
7   the line, but let me just ask.
8   Counsel for defendants Cadman and Spaargaren.
9   (No response.)
10  THE COURT: All right. And then counsel for the
11  remaining defendants, current and former officers.
12  MS. WEST: Good morning, Your Honor. Allyson West on
13  behalf of the individual defendant officers.
14  THE COURT: All right. I believe the joint status
15  report, one initial question, is there any update on the
16  parties regarding item one, and that was, I think, the parties
17  were going to meet and confer regarding the plaintiff Baker
18  and Glenn motion, asking Judge Valderrama to set a trial date
19  in their case, which is the first filed case. That motion was
20  filed on August 5, and plaintiffs indicated that they were
21  going to meet and confer, and then they would decide whether
22  to withdraw it or not.
23  MR. RAUSCHER: Judge, Scott Rauscher.
24  There is not yet an update on that. We can reach out
25  right after this call and set up a time to talk to them.

1    THE COURT:  All right.  Anyone else want to speak to
2 that issue?
3    One question I have, I did look at the motion.  It is
4 requesting, as you know, that Judge Valderrama, who is the
5 assigned judge for that case and overseeing discovery in all
6 the cases, that he would set the date now for his earliest
7 available trial setting, and then the parties would work
8 backwards from that date to finish any remaining discovery in
9 the *Baker, Glenn* case, while also pursuing the other cases.
10    The motion describes the remaining fact discovery
11 with plaintiffs Baker and Glenn to be necessary, of course,
12 defendant may have a different view, but it didn't say
13 anything about expert discovery.
14    So let me ask counsel for the plaintiff, do you
15 anticipate expert disclosures that plaintiffs will be offering
16 in the *Baker, Glenn* case?
17    MR. RAUSCHER:  Judge, Scott Rauscher again.
18    I do.  I think it is likely that we would have
19 experts in the *Baker* and *Glenn* case.  I think.  Yeah, I mean,
20 the short answer is, yes, I anticipate experts in that case.
21    THE COURT:  All right.  And then based on your
22 experience in, I guess, other wrongful conviction cases, would
23 you anticipate possible *Daubert* and summary judgment motions
24 in the *Baker, Glenn* case?
25    MR. RAUSCHER:  I think I would have to defer to the

1  defendants on summary judgment, and *Daubert* motions as part of
2  motions in limine would be likely.
3              THE COURT:  All right.  And in defendants' view,
4  again, depends on the particular case, do you have any way of
5  knowing now whether you would be filing any dispositive
6  motions where you would be seeking summary judgment?
7              MR. KOSOKO:  Ahmed Kosoko on behalf of Ronald Watts.
8              Yes, we anticipate filing dispositive motions.
9              MS. WEST:  And this is --
10             MR. PALLES:  Eric Palles on behalf of Mohammed.
11             We would be moving for partial summary judgment.
12             MS. WEST:  Judge, this is Allyson West on behalf of
13 the individual defendants.
14             We would anticipate dispositive motions as well.
15             MR. NOLAND:  Judge, Dan Noland for the City and other
16 supervisory defendants.
17             And the same answer, yes.
18             THE COURT:  Okay.  And then some of the fact
19 discovery, the motion had a pretty extensive description of
20 what remains to be done.  I don't know if there are some
21 open-ended issues in there.  I didn't see anything about
22 30(b)(6) depositions.  Sometimes those can be contentious and
23 involve some discovery disputes.  Is that something that
24 plaintiffs are going to be serving notice for a deposition of
25 a corporate representative on some number of topics?

1	MR. RAUSCHER: I do think we would be doing that,
2	Judge. We had anticipated, as a general matter, that the
3	30(b)(6) were 30(b)(6) notices and would cover issues, not
4	just the *Baker* and *Glenn* case, but would be relevant for, if
5	not all the cases, most of the cases.
6	THE COURT: All right. And would that be seeking
7	*Monell* type discovery?
8	MR. RAUSCHER: Yes. It would be seeking *Monell*
9	discovery, primarily. It primarily would lead right into
10	*Monell* discovery.
11	THE COURT: All right. And then in terms of
12	documents, have you issued document requests for *Monell*
13	discovery, and that might turn into some motion practice?
14	MR. RAUSCHER: We have issued document requests for
15	that. We have had a number of meet and confers with the City
16	over the years on that.
17	We are currently analyzing CRs that we have, and the
18	CR summary, that may not be the right word, but kind of a list
19	of CRs, I won't get into too much detail, but we are -- so I
20	guess the long answer, yes, we've issued document requests,
21	and we are reviewing what we have to see what else we need and
22	go back to (inaudible).
23	THE COURT: All right. Well, I think it would be
24	helpful in the meet and confer, but I don't know what -- it
25	would be up to Judge Valderrama to rule on that motion. I

1  don't know what his earliest trial date is.  I guess one
2  question would be, how long is this trial going to be, that it
3  would be unusual to just pick a date unless you picked one
4  from judges in the past.  I don't know if some still do it
5  where when they set the discovery deadline, they set the trial
6  date, and then, you know, the parties would have to live with
7  it.
8        But I think it would be helpful to have more
9  understanding of what discovery remains, you know, expert
10 discovery, and at least what dates you would be suggesting for
11 the *Baker, Glenn* case, if you were inclined to set a date
12 rather than kind of putting it completely open-ended and
13 hoping for the best.
14       But I'll -- to the extent you can provide more
15 information, and you could do it in your next joint status
16 report, or you can choose to put it in a -- if you end up
17 briefing the current motion, or there's going to be a new
18 motion filed with the district judge, asking him to set the
19 trial date, it might be helpful to provide that type of
20 information.
21       All right.  I'm going to turn to the next topic, and
22 it looks like the parties, from the joint status report, have
23 a disagreement about which cases are subject to the current
24 fact discovery deadlines.  Defendants have indicated that they
25 believe all cases filed after December 4, 2020 are not subject

1  to the current fact discovery deadline, and defendants, I
2  think, agree that only the couple most recent cases are not
3  governed by that deadline, and I say that based on what was in
4  the motion asking to set the trial date.
5       And I went back just to look, and I am not entirely
6  sure why defendants take the positions they do.  I know that
7  Judge Valderrama did enter an order that amended complaints
8  are to be filed by December 4, 2020, but I'm not sure if that
9  was the reason.  I mean, after that, I entered an order
10 extending the fact discovery deadline for cases currently part
11 of these proceedings.  So I'm curious as to what defendants'
12 position is on why all of those cases are not governed by this
13 order.
14      Go ahead.
15      MR. NOLAND:  Judge, Dan Noland on behalf of the City.
16      And I don't know, Mr. Michalik may have at his
17 fingertips, we're actually over at this -- a review of audio.
18 But I believe it was Docket 164, when the original cutoff was
19 scheduled, that I thought there was a statement that the later
20 filed cases were not supposed to be included.  I might be
21 misstating exactly what that language says, but that --
22      THE COURT:  I am looking at order 164 right now, and
23 that's the order that was entered on December 4, I believe.
24 And it says the Court adopts the schedule for discovery and
25 dispositive motions that the parties have proposed, as

1    follows, and it sets a fact discovery deadline of May 31,
2    2022, and then other dates as follows.  And it said by
3    agreement -- let's see.  It says:  Subject to the district
4    judge setting a different schedule, dispositive motions are
5    due that date.  Final sentence says they're due, and I think
6    you are referring to -- as to future lawsuits, if any, that
7    may be filed in the *Watts Coordinated Pretrial Proceedings*,
8    the parties may seek adjustment of the schedule, if necessary.
9              Well, here.  Let's do this:  Why don't you talk.
10   You're going to be conferring with plaintiffs' counsel anyway.
11   Then I will, of course, go back and look at this, if there's a
12   disagreement, but why don't you confer, and if there is a
13   disagreement, then you can address that and tell me your
14   respective positions in the next joint status report so you
15   can be clear on which cases are governed by the current
16   schedule.
17             MR. NOLAND:  Thank you for that information,
18   Your Honor.
19             THE COURT:  Let me ask then, is there anything
20   further that the parties wanted to raise at this time?
21   Otherwise, I will set a date for another joint status report.
22             MR. RAUSCHER:  Judge, Scott Rauscher again.
23             Not as far as plaintiffs (inaudible).
24             THE COURT:  All right.  Let me ask this:  If any
25   counsel for any of the defendants have an issue you want to

1 raise, speak up now.  If I don't hear a voice, I will assume
2 no one has anything else to raise.
3      MR. MICHALIK:  Paul Michalik on behalf of the City.
4      Nothing else from us.
5      THE COURT:  Okay.  So the date that the last joint
6 status report was filed was August 8.  So let me ask the
7 courtroom deputy to give us a date for another joint status
8 report 30 days from then.
9      THE COURTROOM DEPUTY:  September 7.
10      THE COURT:  All right.  Thank you, everyone.  Have a
11 good day.
12      MR. RAUSCHER:  Thank you, Your Honor.
13      MR. NOLAND:  Thank you.
14      MR. KOSOKO:  Thank you.
15      MS. WEST:  Thank you.
16   (Proceedings concluded at 10:04 a.m.)
17
18
19                  \* \* \* \* \*
20                **REPORTER'S CERTIFICATE**
21     I, ANNETTE M. MONTALVO, certify that the foregoing is
a correct transcript from the digital recording of proceedings
22 in the above-entitled matter to the best of my ability, given
the limitations of using a digital-recording system.
23     Dated this 25th day of August, 2022.
24 /s/Annette M. Montalvo
   Annette M. Montalvo, CSR, RDR, CRR
25 Official Court Reporter