UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: WATTS COORDINATED PRETRIAL PROCEEDINGS | ) ) ) ) ) ) | No. 19 C 1717<br><br>Judge Valderrama<br><br>Magistrate Judge Finnegan |

**UNITED STATES' RESPONSE TO MOTION TO RECONSIDER
ORDER PERMITTING IT TO PROVIDE *EX PARTE* SUBMISSION**

**Introduction**

The court should allow the United States to submit an *ex parte* statement regarding non-public information that bears on the issue of whether and when consensual recordings should be disclosed to the parties in this case. The court should have this non-public information to make an informed decision about disclosure of the recordings at issue. The *ex parte* statement can be made without argument to which the parties would need to respond, and the statement could be revealed to the parties' attorneys subject to an attorneys'-eyes-only protective order that prevents further dissemination of the information in the statement.

**Argument**

The United States has a proper reason to support its request to make an *ex parte* disclosure to the court: it has non-public information that should not be disclosed but is relevant to the court's decision regarding whether and when its recordings made during its investigations of Watts and Mohammed should be made public. *Ex parte* statements may be rare in civil cases, but they are not uncommon in criminal cases, and this case is set against the backdrop of a criminal investigation and prosecution. In fact, this criminal investigation is the very reason that the parties seek to make the United States' files the focus of their discovery. Moreover, safeguards exist to protect the parties from any perceived unfairness of allowing the United States, a third-party to

this case, from making an *ex parte* submission. If the court finds it appropriate after reviewing the disclosure, it may even allow the *attorneys* for the parties to see the disclosure subject to an attorneys'-eyes-only protective order that prevents against further disclosure.

**I.      Reason for *ex Parte* Disclosure**

The United States has provided the reason it seeks permission to make an *ex parte* disclosure: it has non-public information that should not be disclosed that bears on the issue of whether, or at least *when*, consensual recordings made in the course of the investigation of Ronald Watts and Kallatt Mohammed can be released (if they are not subject to any privilege claims). The court should have this information in order to make an informed decision about whether the recordings at issue can be disclosed at this time. To require the United States to reveal more at this time would create a paradox that forces the United States to publicly reveal the very information it must protect at this time.

**II.     *Ex Parte* Disclosures Appropriate**

The United States recognizes that *ex parte* disclosures are unusual in civil cases, but they are not rare in criminal cases, and this case is being litigated against the background of a criminal investigation and prosecution. For example, the United States will sometimes make *ex parte* disclosures of non-public information about its witnesses so that the court can decide whether that information should be disclosed as *Giglio* material. Even the case that movants cite, *United States v. Daoud*, 755 F.3d 479 (7th Cir. 2014), stands as an example of how *ex parte* statements may be necessary to balance the rights of litigants and the interests of the United States in protecting certain information from public disclosure.

### III. Safeguards

Safeguards exist to protect against the unfairness the parties may worry will come from allowing the United States to make an *ex parte* disclosure. First, the United States is *not* a party to this litigation and has no financial stake in the outcome, a fact that alone should provide some protection.

Second, the disclosure the United States seeks to make does not require it to interpose arguments that should be subject to adversarial scrutiny. Although the United States will seek to assert a privilege to protect against revealing the identities of confidential informants and undercover agents, that issue will not be raised in the *ex parte* disclosure that the United States seeks to submit to the court. We understand that in time, the need for the statement to be sealed will disappear and that the statement can be unsealed by the court.

Lastly, if the court feels it appropriate, the United States will not object to disclosure of its statement to the *attorneys* for the parties subject to a protective order that makes it clear that the statement may not be further disseminated. Although the United States prefer that its disclosure remain protected, at least for the foreseeable future, the court will be in a position to ensure that no party suffers prejudice from its submission.

**Conclusion**

For the forgoing reasons, the court should deny the movants motion to reconsider and allow the United States to submit an *ex parte* statement containing non-public information that should not become public but is relevant to whether and when recordings in its possession should be disclosed to the parties.

        Respectfully submitted,

        JOHN R. LAUSCH, Jr.
        United States Attorney

        By: s/ Donald R. Lorenzen
           DONALD R. LORENZEN
           Special Assistant United States Attorney
           219 South Dearborn Street
           Chicago, Illinois 60604
           (312) 353-5330
           donald.lorenzen@usdoj.gov