## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF NextGen 1.6.3
### Eastern Division

Watts Coordinated Pretrial Proceedings, et al.

                        Plaintiff,

v.                                       Case No.: 1:19–cv–01717

                                           Honorable Franklin U. Valderrama

Kallatt Mohammed, et al.

                        Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, March 13, 2023:

      MINUTE entry before the Honorable Sheila M. Finnegan: Magistrate judge status hearing held on 3/13/2023. As stated on the record, on 3/9/2023 the Court received a one−page ex parte letter from the United States signed by Donald Lorenzen with no argument. The Court is deferring the decision on whether to order disclosure of that statement to counsel on any terms. The United States' motion related to the production of the recordings remains due by 3/16/2023. Response to that motion is due 3/23/2023, and reply is due 3/30/2023. With respect to Plaintiffs' Motion to Compel the deposition of Defendant Ridgell [427], counsel for Ridgell has until 3/27/2023 to produce the information described in this Court's 3/9/2023 Order [439] and otherwise respond to the motion, and Plaintiffs' reply is due by 4/3/2023. On a provisional basis, any medical information may be designated Attorneys Eyes Only and provided to other counsel without filing it. Information from Defendant Ridgell's physician must be set forth in a detailed letter signed by that physician (the letter tendered in open court today was far too vague). If any other factual information is provided (not from the physician), it must be in the form of an affidavit signed by Defendant Ridgell. If Defendant Ridgell's counsel fails to provide the required information by the 3/27/2023 deadline, the Court expects to grant the motion to compel the deposition. Defendant Ridgell is therefore cautioned that he should give his full cooperation to counsel defending him in this lawsuit and facilitate the prompt gathering of the information at issue. Regarding other discovery issues, the parties are continuing to meet and confer about Monell bifurcation, the CRs, the Rule 30(b)(6) notice, and Rule 404(b) witnesses. They are to complete their efforts to reach agreement before the next status hearing. Defendant Mohammed's oral request to order Plaintiffs to identify the specific non−propensity or other purpose for each Rule 404(b) witness is denied for reasons stated on the record. As for depositions issued to the State's Attorney's Office (SAO) for records and deposition testimony, defense counsel is to confer with counsel for the SAO regarding a proposed process for raising and litigating anticipated privilege issues, as well as a timetable for doing so and for the document production. If possible, the SAO's counsel should appear at the next status hearing. At the parties' request, the Court defers setting expert and other post−discovery deadlines until resolution of any disputes related to Monell and related discovery. The Court also defers ruling on

whether certain written discovery to non–parties should continue in the non–test cases. Status hearing is set for 4/13/2023 at 11:00 a.m. in Courtroom 2214. Updated joint status report is to be filed by 4/11/2023. Mailed notice (sxw)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.