UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: WATTS COORDINATED PRETRIAL PROCEEDINGS | ) ) ) Master Docket Case No. 19-CV-1717 ) ) Honorable Franklin U. Valderrama ) ) Magistrate Judge Sheila M. Finnegan ) ) *This Document Relates to All Cases* ) ) |

**DEFENDANT RIDGELL'S RESPONSE TO THE COURT'S MARCH 9, 2023 ORDER AND PLAINTIFF'S MOTION TO COMPEL**

Defendant Calvin Ridgell, by and through his undersigned counsel, and in response to this Court's March 9, 2023 Order (dkt. #439) and Plaintiff's Motion to Compel his deposition (dkt. #427) state as follows:

In response to Plaintiffs' motion to compel the deposition of Defendant Ridgell, this Court requested information on five topics. (Dkt. #439). Since the entry of that order, the undersigned counsel has been working diligently to obtain the information requested by the Court from Defendant Ridgell, his family, his private counsel, and the Chicago Police Department.

Officer Ridgell went on medical leave on October 12, 2020. He was released for active duty on July 20, 2021. Subsequently, Officer Ridgell went back on medical leave on March 5, 2022. Officer Ridgell's medical leave expired earlier this month and is awaiting a fitness for duty evaluation to determine whether he can return to active duty.

Defendant Ridgell has provided counsel with a letter from his medical professional regarding the nature and frequency of his treatment. Pursuant to this Court's order on March 13, 2023 (dkt. #446), Defendant Ridgell has designated this letter Attorneys' Eyes Only, has provided

1

it to all counsel of record, and is providing it to the Court without it being attached as an exhibit to the response.

Finally, the undersigned counsel requested Defendant Ridgell to provide an affidavit regarding the activities he engaged in while on medical leave. Defendant Ridgell responded on March 26, 2023 to the undersigned counsel with information, but not in the form of an affidavit. Counsel has again requested an affidavit from Defendant Ridgell. Once the affidavit is received, counsel will provide it to the parties and the Court.

As previously stated, Defendant Ridgell does not dispute that Plaintiffs are entitled to depose him. The only issue is on the timing of when the deposition should occur. Defendant Ridgell requests to delay his deposition for six months. This delay will not prejudice Plaintiffs as fact discovery will still be ongoing.

Dated: March 27, 2023.

Respectfully submitted,

/s/ *Allyson L. West*
Special Assistant Corporation Counsel
One of the attorneys for Individual Defendants

Andrew M. Hale
Brian J. Stefanich
William E. Bazarek
Allyson L. West
Anthony E. Zecchin
Kelly M. Olivier
Hale & Monico LLC
53 W. Jackson Blvd., Suite 334
Chicago, IL 60604