**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: WATTS COORDINATED PRETRIAL PROCEEDINGS | ) ) ) ) ) ) ) ) | Master Docket Case No. 19-cv-01717<br>Judge Franklin U. Valderrama<br>Magistrate Judge Sheila M. Finnegan |

THIS DOCUMENT RELATES TO ALL CASES

**JOINT STATUS REPORT**

All parties to the coordinated proceedings respectfully submit the following joint status report pursuant to Magistrate Judge Finnegan's Order of June 15, 2023, addressing the topics raised in that order. Dkt. 521

**A. CR Production.** As noted in the Court's minute order dated June 15, 2023, the City was supposed to substantially complete its production of CRs by July 15, 2023. The City did not meet that deadline. As of July 17, 2023, the City has produced 381 of the agreed set of CRs. The City acknowledges its production of the CRs is not yet substantially complete due to unanticipated diversions of its resources. The City expects to make a further production this week and will increase its focus on completing its production of the CRs. It is Plaintiffs' position that the CR production should be completed this week because the City had already collected nearly all of the CRs well over a month ago, and it already used a vendor to scan the CRs (a cost that Plaintiffs are splitting).

**B. Rule 30(b)(6) Notice.** Plaintiffs and the City have exchanged additional correspondence regarding the 30(b)(6) notice, and they are scheduled to hold another telephonic meet and confer on July 18.

**C. Deposition scheduling.** The parties have continued to take and schedule party and third-party depositions. Since the last status hearing the parties have taken 3 depositions related to the *Waddy* case, agreed to a stipulation in lieu of a deposition in the *Waddy* case, 1 deposition applicable to both the *Waddy* case and the Coordinated Proceedings, and 2 depositions related to only the Coordinated Proceedings (although one of those witnesses failed to appear). Regarding the scheduling of depositions, the parties have confirmed deposition dates for 3 witnesses related only to the *Waddy* case, 8 witnesses applicable to both the *Waddy* case and the Coordinated Proceedings, and 1 witness related only to the Coordinated Proceedings. Seven of those depositions scheduled to take place this week.

**D. Subpoena for ASA Depositions.**

a. Subpoenas for Records

Counsel for the Individual Defendants have continued to meet and confer with counsel for the County regarding the CCSAO's response to the subpoena for records regarding the cost and use of an outside vendor. Counsel does not anticipate there to be any issue for the Court to resolve regarding this subpoena.

b. Subpoenas for the Depositions of former ASAs Joseph Magats, Eric Sussman, and Marc Rotert, and ASA Nancy Adduci.

The Cook County States Attorney's Office ("Office") has moved to quash these depositions. The Court entered a briefing schedule to address the Office's motion, with briefing completed on September 11, 2023. Dkt. 535.

**E. FBI Depositions.**

Based on the Court's recent ruling regarding the DEA and FBI recordings and the time that will be needed for the *in camera* review, the parties have agreed to temporarily postpone the depositions of the FBI agents whose depositions they have requested.

**F. Fact Discovery**

Given the time and resources that have been and will be devoted to the *Waddy* case, it is the position of all Defendants that the current December 18, 2023 fact discovery close date in the Coordinated Cases is not feasible. Since the last status conference, the Individual Defendants have issued third party subpoenas for records to the IDOC, Plaintiffs' counsel who Waddy identified as a fact and expert witness, and to the CCSAO. The City has responded to Waddy's May 26, 2023 Requests to Admit, Waddy's Third Set of Requests to Admit, and Waddy's May 8, 2023 Requests to Admit. The parties have also had numerous meet-and-confer conferences regarding the topics of expert disclosures, responses to written discovery, and the Individual Defendants' third-party subpoenas.

In addition to the *Waddy* depositions noted in section C, the parties are working to coordinate deposition dates for 9 additional witnesses in the *Waddy* case and 1 witness applicable to both the *Waddy* case and the Coordinated Proceedings. Defendants also anticipate motion practice occurring in *Waddy*. Individual Defendants plan on filing a motion to compel regarding their subpoena to the IDOC for which Waddy lodged an objection. Although the meet-and-confer process is still ongoing, the Individual Defendants anticipate motion practice regarding their subpoena to Plaintiff's counsel, and their subpoena to the CCSAO. Individual Defendants have met and conferred with the CCSAO regarding Waddy's disclosure of the State's Attorney as a fact and expert witness and anticipates motion practice regarding her potential deposition and trial testimony. Finally, Individual Defendants have also begun preparing their motion for summary judgment which must be noticed for presentment before September 1, 2023. Defendants suggest that they propose a fact discovery extension in the next status report.

Plaintiffs do not believe that fact discovery should be extended for all of the test cases, but they will respond to Defendants' request to extend fact discovery when that request is made. To the extent that a fact discovery extension is necessary, an extension in only a subset of the test cases would preserve the ability to hold trials in 2024.

Mr. Waddy will respond in his case to any motions filed in his case. But Plaintiffs in the Coordinated Proceedings do not believe that all of the above work that Defendants have described in the Waddy case is necessary or, if necessary, that all of it is as time consuming as it might appear in this status report. For example, Defendants have informed Mr. Waddy that IDOC does not even have any recordings from the prison sentence that Mr. Waddy served as a result of the arrest at issue in his case. Defendants are seeking IDOC recordings relating to another prison sentence that Mr. Waddy served approximately ten years after the arrest at issue in his case. In Plaintiffs' view, time spent meeting and conferring about that particular request or on motion practice relating to that request would not weigh in favor of extending discovery in the Coordinated Proceedings. As noted above, Plaintiffs will address Defendants' request for an extension of time when that request is made. For present purposes, they merely wanted to note that they do not agree that all of the work in the Waddy case provides good cause to extend discovery in the Coordinated Proceedings.

**F. Expert discovery and summary judgment**

The parties have continued to meet and confer to discuss expert and summary judgment schedules, but they were unable to agree on proposed dates for expert and summary judgment schedules. Plaintiffs are making a proposal for the *Baker/Glenn* case in this status report and believe that it would be most efficient to discuss a schedule for the remaining cases with the Court before the parties propose a comprehensive schedule.

**Plaintiff's Proposed Schedule.** Plaintiffs make the following proposal for expert discovery and dispositive motions in the *Baker/Glenn* case:

January 17, 2024 – Plaintiff expert disclosures

March 18, 2024 – deadline for defense expert disclosures and depositions of Plaintiff's experts

April 17, 2024 – Defendants' motion for summary judgment due

May 17, 2024 – deadline for depositions of defense expert witnesses

June 3, 2024 – response to Defendants' motion for summary judgment

July 5, 2024 – reply in support of summary judgment motion

Rebuttal experts to be determined based on expert disclosures.

**Defense proposed schedule.** Defendants propose the following schedule:

**Experts**:

30 days after the close of fact discovery, Plaintiffs produce their expert reports

Defendants have 60 days after expert disclosure deadline to depose Ps' experts (subject to change given that P has not disclosed how many experts they intend to have and which cases the experts will apply to)

Defendants' expert disclosures due 60 days after deadline to depose Plaintiffs' experts

Plaintiffs have 60 days after the disclosure date to depose Defendants' experts

No rebuttal experts

**Summary Judgment:**

Group 1: 60 days after expert discovery closes MSJs are due in Baker/Glenn, Jackson, Lockett, and White Sr.
Plaintiffs have 60 days to respond
Defendants have 60 days to reply

Group 2: 30 days after the Group 1 MSJs are due, MSJs are due in Giles, Gipson, Lomax, Coleman, and Ollie
Plaintiffs have 60 days to respond
Defendants have 60 days to reply

Group 3: 30 days after the Group 2 MSJs are due, MSJs are due in Ali, Herron, Harrison, H. Thomas, and Roberts
Plaintiffs have 60 days to respond
Defendants have 60 days to reply

Group 4: 30 days after the Group 3 MSJs are due, MSJs are due in and McNairy, Carter, Delaney, McDonald, P. Thomas
Plaintiffs have 60 days to respond
Defendants have 60 days to reply

Respectfully submitted,

/s/ Scott Rauscher
One of the Attorneys for the Plaintiffs Represented by Loevy & Loevy in the Coordinated Proceedings

Arthur Loevy
Jon Loevy
Scott Rauscher
Josh Tepfer
Theresa Kleinhaus
Sean Starr
Wallace Hilke
Gianna Gizzi
LOEVY & LOEVY
311 N. Aberdeen St., Third Floor
Chicago, IL 60607

/s/ Joel A. Flaxman
One of the Attorneys for Plaintiffs Represented by Kenneth N. Flaxman, P.C. in the Coordinated Proceedings

Joel A. Flaxman
Kenneth N. Flaxman
200 S Michigan Ave, Ste 201
Chicago, IL 60604
(312) 427-3200

/s/ Kelly Olivier
Special Assistant Corporation Counsel
One of the Attorneys for Defendants Alvin Jones, Robert Gonzalez, Miguel Cabrales, Douglas Nichols, Jr., Manuel S. Leano, Brian Bolton, Kenneth Young, Jr., David Soltis, Elsworth J. Smith, Jr., Gerome Summers, Jr., Calvin Ridgell, Jr., John Rodriguez, Lamonica Lewis, Frankie Lane, Katherine Moses-Hughes, Darryl Edwards, and Nobel Williams

Andrew M. Hale

William E. Bazarek
Anthony E. Zecchin
Brian J. Stefanich
Allyson L. West
Kelly Olivier
HALE & MONICO LLC
Special Assistant Corporation Counsel
53 W. Jackson Blvd., Suite 330
Chicago, IL 60604
(312) 341-9646

/s/ Eric S. Palles
One of the Attorneys for Defendant Kallatt Mohammed

Eric S. Palles
Sean M. Sullivan
Raymond H. Groble III
MOHAN GROBLE SCOLARO, PC
Special Assistant Corporation Counsel
55 W. Monroe Street, Suite 1600
Chicago, Illinois 60603
(312) 422-9999

/s/ Brian Gainer
One of the Attorneys for Defendant Ronald Watts

Brian P. Gainer
Monica Burkoth
JOHNSON & BELL, LTD.
Special Assistant Corporation Counsel
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
(312) 372-0770

/s/ Paul A. Michalik
One of the Attorneys for Defendants
City of Chicago, Philip Cline, Debra Kirby, Karen Rowan, Jerrold Bosak, Dana Starks, and Terry Hillard

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Elizabeth A. Ekl
Katherine C. Morrison
REITER BURNS LLP
Special Assistant Corporation Counsel

311 S. Wacker Dr., Suite 5200
Chicago, IL 60606
(312) 982-0090

/s/ Megan K. McGrath
One of the Attorneys for Defendants Michael Spaargaren and Matthew Cadman

James V. Daffada
Thomas M. Leinenweber
Kevin E. Zibolski
Michael J. Schalka
Megan K. McGrath
Special Assistant Corporation Counsel
LEINENWEBER BARONI & DAFFADA LLC
120 North LaSalle Street, Suite 2000
Chicago, Illinois 60602
(312) 606-8695