**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| In re: WATTS COORDINATED PRETRIAL PROCEEDINGS | ) ) ) ) ) ) ) ) ) |

Master Docket Case No. 19 CV 1717

Judge Frank U. Valderrama

Magistrate Judge Sheila M. Finnegan

**DEFENDANTS' JOINT MOTION FOR
ADDITIONAL TIME TO DEPOSE OFFICER DANIEL ECHEVERRIA**

Defendants Alvin Jones, Miguel Cabrales, Douglas Nichols, Jr., Manuel Leano, Brian Bolton, Kenneth Young, Jr., Elsworth Smith, Jr., Robert Gonzalez, John Rodriguez, Gerome Summers, Frankie Lane, Katherine Moses-Hughes, LaMonica Lewis, Noble Williams, Darryl Edwards, Cythina Tornes by their counsel, Hale & Monico, LLC, Defendant City of Chicago, by and through its counsel Burns Noland, LLP, Defendant Kallatt Mohammed, by and through his counsel Mohan Groble, Scolaro, P.C., and Defendant Ronald Watts, by and through his counsel Johnson & Bell, LLP; Calvin Ridgell, by and through his counsel Borkan & Scahill LTD; Leinenweber, Daffada, & Sansonetti LLC for Matthew Cadman and Michael Spaargaren (collectively "Defendants"), pursuant to Federal Rules of Civil Procedure 26(b)(1) and 30(d)(1), respectfully move for additional time to depose a third party witness, Daniel Echeverria. In support thereof, Defendants state as follows:

**Background**

Officers Shannon Spalding and Daniel Echeverria were disclosed by Plaintiffs as witnesses in the In Re: Watts Coordinated Pretrial Proceedings ("Coordinated Proceedings). In the Coordinated Plaintiffs' pleadings, Plaintiffs touted Officers Spalding and Echeverria as people with experience and knowledge central to their claims. The Loevy & Loevy Plaintiffs allege in

1

their lawsuits that these two officers' careers were nearly ruined when they began assisting the FBI in their investigation of Watts and his team. (Ex. 1, Dkt. 61 Gipson Amended Complaint at 17-18). According to Plaintiffs, when Officers Spalding and Echeverria attempted to expose alleged wrongdoing by Watts and his team, their lives were threatened and they endured professional retaliation by members of the CPD. (Ex. 1, Dkt. 61 Gipson Amended Complaint at 17-18). Plaintiffs' experts Jeffrey Danik and Jon Shane also rely on the allegations of Officers Spalding and Echeverria in support of their criticisms of all Defendants. (See Baker and Glenn v. City of Chicago, et al., 16 C 8940 Dkt. 304 at 88-90, 98-99, and 114-115 and Dkt 307 at 24).

As such, both Officers Spalding and Echeverria were timely and properly served with subpoenas for their deposition testimony. (Ex. 2, March 1, 2023 Plaintiffs' Notice of Deposition Subpoena and Subpoenas for Echeverria and Spalding and May 18, 2023 Notice of Deposition Subpoena for Echeverria). Subsequently, both Officers Spalding and Echeverria retained the same counsel, Mr. Thomas Devine, to represent them at their respective depositions. During the course of many email correspondences to schedule and notice these depositions, there were many discussions regarding the dates and timing for each. Pursuant to the parties' agreement, Officer Spalding was deposed for a total of just over 14 hours, with time split equally between the Plaintiffs and Defendants: Plaintiffs' counsel examined Ms. Spalding on June 5, 2023 for 7 hours, and Defendants' counsel examined Ms. Spalding for just over 7 hours on June 6, 2023 and September 18, 2024. Defendants believe the same agreement was reached regarding Officer Echeverria's deposition.

On May 30, 2023, pursuant to subpoena and by agreement of the parties in the *Coordinated Proceedings* and his personal counsel, Officer Echeverria was deposed by the Plaintiffs. Plaintiffs' counsel for the Loevy & Loevy Plaintiffs completed her examination at approximately 3:15 p.m.,

after approximately 5 hours 15 minutes had elapsed, and Officer Echeverria stated he was "done for the day." (Ex. 3, Daniel Echeverria May 30, 2023 Deposition at 85-86). In summary, counsel for Plaintiffs questioned Officer Echeverria about his work with Officer Spalding, the federal investigation of Watts and his team, FBI 302 reports, investigative notes during federal investigation, use of informants, communications and interactions with federal law enforcement, work in the CPD Organized Crime Division, CPD investigative reports, a drug dealer murder he contends may have involved Watts, reporting of allegations of police misconduct to members of CPD, communications with current and former CPD members, knowledge and information about the Defendant Officers, and allegations of wrongdoing by Watts and his team. Suffice it to say, the testimony elicited from Officer Echeverria by Plaintiffs' attorney was designed to be unfavorable to the Defendants.[1]

Pursuant to the agreement of the parties that defense counsel was entitled to a full day of questioning, Officer Echeverria and his counsel agreed to be deposed the next day by defense counsel. At 6:49 a.m. the next day (May 31, 2023), Plaintiffs' counsel informed defense counsel that Officer Echeverria's counsel informed her that Officer Echeverria was in the hospital and unable to attend the deposition. (Ex. 4, May 31, 2023 Email from Counsel Kleinhaus). Following this unexpected but understandable cancellation, Defendants thereafter sought to reschedule their deposition. After cancellations due to conflicts with scheduling by Officer Echeverria and/or his counsel, part II of the deposition was finally rescheduled for August 12, 2024. The deposition was again properly noticed by defense counsel, and a new subpoena was served on Officer Echeverria commanding his attendance for the deposition. (Ex. 5, July 15, 2024 Notice of Subpoena and Deposition Subpoena for Daniel Echeverria).

---

[1] Defendants will supply a full copy of Officer Echeverria's testimony to the court upon request.

At no time prior to the continuation of Officer Echeverria's August 12, 2024 deposition did his counsel object to the Defendants' notice of deposition or subpoena, nor was it ever indicated by Officer Echeverria's counsel that there would be a time limit imposed on part II of the deposition. Indeed, at no point was there any indication that Officer Echeverria's deposition would be handled differently than Officer Spalding's deposition: time equally split between the parties, with seven hours of examination by Plaintiffs' counsel, and seven hours of examination by Defendants' counsel (Officer Spalding ended up to agreeing to sit for a period of time in excess of seven hours). In correspondence between Defendants' counsel and Officer Echeverria's counsel prior to August 12, 2024, there was no indication that Officer Echeverria would not be appearing for a full 7-hour duration deposition, or that he would only be attending for a limited period of time. (Ex. 6, July to August Email Correspondence).

### Officer Echeverria's August 12, 2024 Deposition

On August 12, 2024, just prior to the 10 a.m. start of the deposition, Officer Echeverria's counsel informed the parties for the first time that he was not agreeable to the deposition extending past 2 hours 15 minutes, or the time remaining from what would have been one 7-hour deposition. Defense counsel objected to the time limitation unilaterally imposed by Officer Echeverria's counsel, and explained their positions to Officer Echeverria's counsel that defense counsel expected to depose Officer Echeverria for a full 7-hour day. (Ex. 7, Daniel Echeverria August 12, 2024 Deposition at 1-12). Over Defense counsels' objections, Officer Echeverria was ultimately deposed for approximately 2 hours and 20 minutes by one of undersigned counsel for the Defendant Officers represented by Hale & Monico. The undersigned had not completed his questioning of Officer Echeverria when the deposition was unilaterally terminated by Officer Echeverria's counsel. The respective counsels for Defendants Watts, Mohammed, Ridgell,

4

Cadman, Spaargaren, and the City of Chicago did not have any opportunity to examine Officer Echeverria on issues relevant to their clients.

## Rule 37.2 Local Meet and Confer Conference

Consistent with this Court's November 15, 2024 Order, the undersigned and Officer Echeverria's counsel engaged in a meet-and-confer pursuant to Rule 37.2 but, unfortunately, were unable to come to an agreement regarding the ultimate duration of and/or an extension of Officer Echeverria's deposition. At Officer Echeverria's counsel's request, defense counsel provided potential topics to be covered at the deposition. Defense counsel made a good faith effort to limit the duration of time for the deposition but counsel for Officer Echeverria rejected defense counsel's offer to limit the deposition to four (4) hours and forty (40) minutes on the record. Officer Echeverria's counsel did not make a counter-proposal of any period of time that Officer Echeverria would agree to. In fact, Echeverria's counsel also seems to suggest defense counsel is prohibited from inquiring of his client on areas that may have been covered by Plaintiffs' counsel or counsel for another party during deposition. Counsel for Echeverria provides no basis for this position. Thus, defendants are compelled to bring this motion. (Ex. 8, November to December, 2024 Correspondence).

## Federal Rules of Civil Procedure 26(b)(2) and 30(d)

Federal Rule of Civil Procedure 30(d)(1) governs the length of a deposition, and proscribes a durational limitation "1 day of 7 hours." Fed. R. Civ. P. 30(d)(1). Rule 30 further states that a "court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent." *Id*. Rule 30 was amended in 2000 to include this "presumptive durational limitation," but the durational limit may be extended or altered by the parties or by order of the court upon a showing of cause. Fed. R. Civ. P. 30, Advisory Committee Notes (2000 Amendment).

5

Because Officer Echeverria is not agreeing to an extension, Defendants request this Court to order a full (4) hours and (40) minutes for his deposition. Two factors cited by the 2000 Amendment's Advisory Committee that are applicable here are "[i]f the examination will cover events occurring over a long period of time," and "[i]n multi-party cases, the need for each party to examine the witness may warrant additional time." A court may also order additional time "where consistent with Rule 26(b)(2) if needed for a fair examination of the deponent."

Consistent with Rule 30(d)(1) and the 2000 Amendment's Advisory Committee notes, the parties in these coordinated pretrial proceedings agreed to the entry of Case Management Order 2 ("CMO 2") on March 12, 2019. *See* Dkt. 2. CMO 2 specifically addresses depositions, as the parties recognized that there may be some witnesses for whom "seven (7) hours may not be a sufficient amount of time to depose [them]." *Id.* at ¶ 8. Further, CMO 2 explicitly states "[t]he presumptive limits for discovery found in Federal Rule of Civil Procedure 30 shall not apply to these coordinated proceedings." *See id.* at ¶ 2.

Good cause exists for an extension of Officer Echeverria's deposition. The Loevy & Loevy Plaintiffs have identified him by name in support of the civil lawsuits they have filed and in Rule 26a1 disclosures, and the Flaxman Plaintiffs in their 26a1 disclosures. (Ex. 1, Dkt. 61 Gipson Amended Complaint at 17-18, Ex. 9, Loevy & Loevy and Flaxman Plaintiffs Rule 26a1 disclosures). Officer Echeverria is Plaintiffs' witness and Plaintiffs' counsel were given a full day to depose Officer Echeverria to the extent they wished. Defendants issued a proper deposition subpoena and should, like Plaintiffs, be allowed to conduct a full deposition of Officer Echeverria. Just like Officer Spalding, that was the parties' agreement, which Officer Echeverria and his

counsel confirmed at the conclusion of the first day of his deposition when they agreed to return to defense counsel's office the next day.[2]

Moreover, there are plenty of relevant topics to be covered. As noted, on Plaintiffs' counsel's questioning, Officer Echeverria made serious allegations that the individual defendants committed a variety of acts of misconduct over a lengthy period of time, and Plaintiffs have disclosed him for all intents and purposes as a Rule 404(b) witness in all the cases. The City is also entitled to a reasonable period of time deposing Officer Echeverria, as he participated in the Joint FBI/IAD Investigation of Watts and Mohammed and has offered criticism of the CPD's (and FBI's) actions in that investigation which Plaintiffs are relying on in support of their broad *Monell* claims. His work on the Joint FBI/IAD Investigation included obtaining evidence, conducting surveillance (presumably of certain Defendants), interviewing witnesses, communicating with informants, communicating with other CPD members, and assisting with the development of "stings" for the FBI to set-up in order to identify alleged misconduct by certain Defendants. Plaintiffs' experts in *Baker, Gipson, White, and Carter* have also relied on Officers Spalding and Echeverria's allegations in critiquing the joint investigation and have been supplied with copies of their depositions. In addition, as noted, Officer Echeverria is currently listed as a potential witness in Rule 26(a)1 disclosures provided by the Plaintiffs in the former Coordinated Proceedings, and is therefore a potential witness in every one of the 182 lawsuits filed to date. It is reasonable and necessary for Defendants to fully examine Officer Echeverria in matters relevant to the Watts cases and not rely on Plaintiffs' counsel's one-sided questioning.

---

[2] Had the parties agreed to just seven hours total for Officer Echeverria's deposition, defendants of course would never have allowed Plaintiffs' counsel to use up the lion's share of that time. And neither Officer Echeverria's counsel nor Plaintiffs have pointed to anything that support such an absurd result.

While Defendants could request many more hours to complete Officer Echeverria's deposition, they intend to honor the parties agreement and ask for only 4:40 more hours on the record (which would give them a total of seven hours as they've already used 2:20 hours).[3] Thus far, Officer Echeverria has only been questioned by Defendants regarding certain assignments at CPD, his report writing, certain aspects of his work on Operation Brass Tax, and use of certain informants and interaction with governmental officials. If allowed, Defense counsel intend to follow-up on those and various additional topics, including Officer Echeverria's prior testimony, CPD rules and regulations and other procedures, interactions and communications with CPD members, FBI agents/federal officials, informants, Plaintiffs, and other third party witnesses relative to the Watts cases. In addition, defendants need to fully examine Officer Echeverria relative to his participation in the Joint FBI/IAD Investigation along with his work and knowledge of federal and City law enforcement activity in that investigation. Though there are multiple defendants represented by six separate firms, defense counsel will allocate the remaining necessary time to complete the deposition as previously agreed.

In sum, more time is needed to depose Officer Echeverria to determine his knowledge of relevant information in the Watts related cases and fairness dictates that his deposition be extended to an additional four (4) hours and forty (40) minutes.

### **Conclusion**

WHEREFORE, Defendants respectfully request that this Court grant Defendants' Joint Motion for Additional Time to Depose Daniel Echeverria, for an additional four (4) hours, and forty minutes and to grant any other relief the Court deems proper and just.

---

[3] This would presume that Officer Echeverria answers the questions that are asked, as a review of his deposition shows that is not always the case.

Dated: December 9, 2024.

Respectfully submitted,

By:   /s/ *Daniel Noland*

Special Assistant Corporation Counsel
One of the Attorneys for Defendants City of Chicago and the Supervisory Officials

Terrence M. Burns
Daniel J. Burns
Paul A. Michalik
Daniel M. Noland
Katherine C. Morrison
Elizabeth A. Ekl
Dhaviella R. Harris
Burns Noland LLP
311 S. Wacker Dr., Suite 5200
Chicago, IL 60606
(312) 982-0090

By:   /s/ *Eric S. Palles*

Special Assistant Corporation Counsel
One of the Attorneys for Defendant Kallatt Mohammed

Eric S. Palles
Sean M. Sullivan
Yelyzaveta Altukhova
Ray Groble
Mohan Groble Scolaro, PC
55 W Monroe, Suite 1600
Chicago, IL 60603
(312) 422-9999

By:   /s/ *Thomas M. Leinenweber*

Special Assistant Corporation Counsel
One of the Attorneys for Defendants
Michael Spaargaren and Matthew Cadman

By:   /s/ *William E. Bazarek*

Special Assistant Corporation Counsel
One of the Attorneys for Certain Defendant Officers

Andrew M. Hale
Anthony E. Zecchin
Kelly M. Olivier
William E. Bazarek
Jason M. Marx
Hannah Beswick-Hale
Hale & Monico LLC
53 W. Jackson Blvd., Suite 334
Chicago, IL 60604
(312) 341-9646

By:   /s/ *Brian P. Gainer*

Special Assistant Corporation Counsel
One of the Attorneys for Defendant Ronald Watts

Brian P. Gainer
Monica Burkoth
Lisa M. McElroy
Alezza Mian
Johnson & Bell, Ltd.
33 W. Monroe St., Suite 2700
Chicago, IL 60603
(312) 372-0770

By:   /s/ Timothy P. Scahill

Special Assistant Corporation Counsel
One of the Attorneys for Defendant Calvin Ridgell

9

Thomas More Leinenweber
James Vincent Daffada
Michael J. Schalka
Kevin E. Zibolski
John Robert Stortz
Leinenweber Daffada & Sansonetti, LLC
120 N. LaSalle St., Suite 2000
Chicago, IL 60602
(312) 606-8695

Timothy P. Scahill
Steven B. Borkan
BORKAN & SCAHILL, LTD.
Two First National Plaza
20 South Clark Street, Suite 1700
Chicago, Illinois 60603
(312) 580-1030

## CERTIFICATE OF SERVICE

I, William E. Bazarek, an attorney, certify that I electronically filed the attached Defendants' Joint Motion for Additional Time to Depose Officer Daniel Echeverria with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties of record below on this 9th day of December, 2024.

*/s/ William E. Bazarek*