**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: WATTS COORDINATED PRETRIAL PROCEEDINGS | ) <br> ) Master Docket Case No. 19 CV 1717 <br> ) <br> ) Judge Frank U. Valderrama <br> ) <br> ) Magistrate Judge Sheila M. Finnegan <br> ) |

**OFFICER DANIEL ECHEVERRIA'S RESPONSE
TO DEFENDANTS' JOINT MOTION FOR ADDITIONAL DEPOSITION TIME**

Though counsel Thomas Devine of the Government Accountability Project, Officer Echeverria respectfully opposes the motion for additional deposition time. As discussed below, the defendants have misrepresented the record to justify further questioning that Officer Echeverria views as harassment, without providing any good cause beyond holding him responsible to correct their tactical errors misallocating time for questions. That does not constitute good cause.

**Further background**

While counsel's history on this issue is largely accurate, as demonstrated below it relies on several material false premises and statements without which there is no basis for good cause. The most significant is that the parties agreed both Officers Echeverria and Shannon Spalding would submit to 14 hours of questioning. That is simply false. Officer Spalding did voluntarily agree to an extension, and she honored it. Officer Echeverria refused adamantly. Indeed, he felt that the deposition itself was duplicative of testimony he already provided in the officers' own damages suit, and that covering the same ground again was harassment. He only agreed to the minimum seven hours required by Federal Rule of Civil Procedure (FRCP) 30, because it was his nondiscretionary legal duty. He resumed the deposition once, because he had to stop after becoming increasingly ill during the initial session prior to his unexpected hospitalization that blocked him completing the seven hour commitment the following day. In short, it simply is a 100% false statement that Officer

Eheverria ever agreed to additional time. In fact, he objected repeatedly and vociferously as soon as defense counsel sought the extension.

Defendants also falsely assert counsel objected to additional members of the defense team asking questions about issues covered previously. In fact, counsel only repeatedly requested to learn of any issues not covered previously, because that might persuade Officer Echeverria to agree for questioning on those issues. It was an offer to be helpful for which defense counsel expressed thanks at the time, before misrepresenting it in the pending motion.

Finally, defense counsel asserts that plaintiff's counsel had agreed in a Case Management Order that the Rule of FCRP 30 would not presumptively apply. Overcoming presumptions is not the same as waiving FRCP Rule 30's requirements. Further, plaintiff's counsel did not have the authority to waive Officer Echeverria's rights, which he repeatedly has refused to do.

It is the moving party's burden to support its allegations. *Yancick v. Hanna Steel Corp*., 653 F.3d 532, 536-39 (7th Cir. 2011) (affirming District Court's decision not to consider Plaintiff's response to motion for summary judgment in part because Plaintiff's day-late motion to extend the time to file was not supported by exhibits); *Spears v. City of Indianapolis*, 74 F. 3d 153 (7th Cir. 1996) (same). Defendants have not presented a scintilla of evidence from the record to support its assertions of prior agreements. That is because there was none.

### **Legal standard**

FRCP 30(d)(1) imposes clear boundaries of one day and seven hours for deposition testimony. There is nothing in the rule that each party has seven hours. While there is flexibility, none of the relevant criteria apply here. The 1993 Advisory Committee notes explain the caveats to the presumptive seven hour-limit were added to address dilatory tactics from deponents and parties, which all parties agree did not happen here. Civ. R. Proc. 30, 1993, Committee Notes.

The 2000 Advisory Committee notes list examples of what might constitute good cause for an extension, including the need for an interpreter, expert witness depositions, where the deponent's counsel wants to question the witness extensively, or if the questioner asks a deponent prior to the deposition to review a lengthy document but the deponent refuses. None of these factors are at issue here. The 2000 Committee Notes caution counsel in multi-party cases to coordinate with each other prior to the deposition and suggest that the mere fact that there are multi-parties (as there are for every single deposition in these coordinated proceedings) is not reason alone to allow extra time. Civ. R. Proc. 30, 2000, Committee Notes. That coordination apparently did not occur.

Finally, the 1993 Advisory Committee notes emphasize the necessity for early advance planning and discussion between counsel if one party believes more time will be needed. That simply did not occur here. Defense counsel did not raise the issue until November as a demand.

Ultimately, "[t]he 7-hour rule necessitates, especially in complex cases, that almost all depositions will be under-inclusive." *American Hardware*, 2007 WL 4557820, at 2. Parties must make choices "and carefully decide how to apportion her time." *Id*. The rules "do not allow for endless depositions." *In re Sulfuric Acid Antitrust Litigation*, 230 F.R.D. 527, 532 (N.D. IL. 2005). Parties "are bound by the tactical decisions" they make in preparing for and conducting depositions. *Id*.

Defendants failed to make those tactical decisions and did not allocate their time so that all could question. Defense counsel misallocating the time available under FRCP 30 is not good cause to resume aggressively interrogating Officer Echeverria.

Respectfully submitted,

*s/s Thomas Devine*
Thomas Devine
Counsel for Mr. Echeverria

Dated: December 17, 2024

**CERTIFICATE OF SERVICE**

I, Thomas Devine, an attorney, certify that I electronically filed the Motion for Leave to Late File and Response to Defendants' Joint Motion for Additional Time to Depose Officer Daniel Echeverria, as well as Officer Echeverria's motion for leave to late file with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties of record below on this 17th day of December, 2024. Counsel also has sent directly to the court and parties.